CITY OF GALVESTON V. J. B. SYDNOR.

1. Money collected as taxes by the city of Galveston under an ordinance not authorized by its charter, may be recovered by suit at law, whether the tax was paid under compulsory process or not.

2. Otherwise, if the money had been collected by the State authority, for want of power to sue the State.

APPEAL from Galveston.

The case is clearly set out in the petition, which is set out below.

Defendant demurred and pleaded a general denial.

The statement of facts sustains the allegations in the petition, but it did not appear that any protest was made by Sydnor on payment of the taxes, nor was any seizure of property or other compulsory process resorted to by the city authorities to collect the same.

The petition alleged that the said defendant is a municipal corporation, duly and legally chartered by the State of Texas, and having its principal office in the county of Galveston.

That on the first day of March, 1866, the said defendant, without any legal authority whatever, or right in law or equity, compelled the said firm of J. S. & J. B. Sydnor to pay said defendant the sum of $195, alleged by the said defendant to be the amount of city tax due said corporation by and from said firm to said corporation for goods, wares and merchandise bought or received for sale by said firm from the first day of March, 1866, to the first day of June, 1866; and that said firm did, under such compulsion, on the said first day of June, 1866, pay the said sum to said defendant.

That afterwards, to-wit, on the first day of March, 1867, the said defendant, without any legal right or authority, did compel the said firm to pay said defendant, and the said firm did actually pay said defendant under such compulsion, the further sum of $440, being the amount of city taxes alleged by said defendant to be due from said firm to said corporation for goods, wares and merchandise bought or received for sale by said firm from the first day of December, 1866, to the first day of March, 1867. That afterwards, to-wit, on the first day of September, 1867, the said defendants, without any legal

right or authority, did compel the said firm to pay said
defendant, and the said firm, under such compulsion, did
actually on that day pay to said defendant the sum of
$600, alleged by the said defendant to be the amount of
city taxes due for goods, wares and merchandise bought
or received by said firm, for sale by them, from the first
day of March, 1867, to the first day of September, 1867.
That afterwards, to-wit, on the eleventh day of December, 1867, the said defendant, without any lawful authority or right in law or equity, did compel the firm aforesaid to pay, and they did, under such compulsion, actually pay, said defendant the further sum of $348$\frac{50}{100}$,
which said defendant alleged to be the amount of city tax
due from said firm for goods, wares and merchandise
bought or received for sale by said firm from the first day
of September, 1867, to the first day of December, 1867.

Petitioners aver that said several sums of money were
imposed upon said firm and collected from them as taxes
aforesaid, under and by virtue of an ordinance adopted
by said corporation on the seventh day of May, 1866, the
5th Section of which is substantially as follows:

" Sec. 5. That the tax on goods, wares and merchandise and property of every description, sales at auction
and by commission merchants, real estate, produce and
other brokers and agents, shall be on the total amount of
invoice of purchase, consignment and sales for every quarter, commencing on the first day of March of the then
current year; said returns to be made under oath to the
assessor and collector, and taxes on the same shall be collected quarterly, or oftener. A list of the names of the
merchants and others making said returns, together with
the amounts returned and paid by each, shall be published in one of the city papers at the end of each and
every quarter. Any person or persons refusing or failing
to furnish the assessor and collector with a correct ac-

count of purchase, consignment, sale at auction, or as agent, broker or commission merchant, during the term for which the assessment is to be made, shall be liable to a fine of not less than five and not more than one hundred dollars and costs for each failure or neglect."

That the right to pass the aforesaid ordinance, and to enforce and collect said tax, was and is claimed by virtue of and under the 11th Section of the charter granted to said corporation by the State of Texas, which section is substantially as follows:

"And to defray the expenses of said city, the said board (meaning the board of aldermen of said corporation) are hereby fully authorized and empowered to impose a direct property and license tax upon all such persons, property and employments as are liable to taxation under the Constitution and laws of this State, and to make all laws necessary to enforce the collection of the same; *provided, nevertheless,* that no property tax (unless for special purposes specially provided for by act of the Legislature) shall for any one year exceed the one-half of one per cent. on the value of the property, 'nor any license tax the sum of fifty dollars.'"

Now, petitioners aver that the above-cited section of said charter did not authorize the said defendant to impose and collect the aforesaid sum by way of taxes, nor any part thereof, nor did it authorize the defendants to pass the aforesaid ordinance, nor were they authorized so to do by the constitutional laws of the State of Texas.

That the employment of the said firm, as above set forth, was not, at the time said taxes were imposed and collected, liable to taxation under the Constitution and laws of the State of Texas; and the said corporation had imposed upon said firm, and on or before the several days of collection and payments hereinbefore stated had collected from said firm, a license tax of fifty dollars per an-

num upon their said employment, covering the several periods of time for which the said tax hereinbefore complained of had been levied and collected.

That neither the Constitution nor laws of said State had imposed or levied a tax upon property of a similar nature with that imposed by said ordinance at the time it was adopted, nor were the subjects and property upon which the same were levied liable to taxation under said Constitution and laws at that time.

That the only tax which the said corporation was authorized, at the date of said ordinance, to levy, impose and collect of and from said firm, under said charter, upon goods, wares and merchandise, bought or received by them for sale, was an *ad valorem* tax upon the value of such property; and that the said amounts were not levied, imposed or collected as *ad valorem* taxes, but as a per cent. upon the actual amount for which said goods, wares and merchandise were sold.

Petitioner therefore says that the imposition of said taxes, and the collection of said sums of money from said firm, was illegal and unauthorized; and that by reason of their payment as aforesaid to said corporation, by said firm, the said defendant became indebted to and liable to repay and return to said firm the several amounts paid to defendant by said firm, in manner as hereinbefore set forth; and that being thus indebted, the said defendant undertook and promised, on the day of the making of each of said payments, to pay said firm the sum of money then paid by them as aforesaid, upon being requested so to do.

Petitioner says that said firm, during its existence, and your petitioner, since its dissolution, have often requested said defendant to pay the said several sums of money, but it has hitherto refused, and still refuses, so to do, to petitioner's damage three thousand dollars, to recover which he brings this suit.

Judgment for the plaintiff, and the city of Galveston appealed.

No brief for appellant has come to the hands of the Reporters.

*Willie & Cleaveland,* for appellee, cited Wescott v. Westerlage, Tyler Term, 1868, MS. Op.; 4 Met., 188, 190, Boston and Sandwich Glass Co. v. Boston; 17 Mass., 461; 25 Texas, 460, Snediker v. Marshall; 30 Texas, 86, Baker v. Panola Co.; 2 Met. Ky., 381, Carrington v. Powell; 1 Speed, —, Louisville v. Henning; 1 Bush., 381; 17 Mass., 461, Amesbury v. Amesbury; 10 La. An., 73, Catholic Soc. v. New Orleans.

WALKER, J.—We think both the cases, Snediker v. Marshall, 25 Texas, 460, and Baker v. Panola County, 30 Texas, 86, are authority for our affirming this judgment.

There is no doubt but that the tax imposed was illegal, nor is there a doubt that it was collected and paid into the city treasury.

We do not think that General Griffin's order had much to do with it. The order was intended simply to inform the people that the United States having taken military control of the State of Texas, the people were not thereby exonerated from paying their taxes.

It would be contrary to good conscience for the city of Galveston to retain the money collected from the appellee without authority of law, and where there is a wrong the law should furnish a remedy.

We think in most of the cases referred to in appellant's brief the effort has been made to recover money paid to the State under a mistake of law, and the remedy has been denied on the ground that the citizen may not sue the State.

The judgment of the District Court is affirmed.

AFFIRMED.