No. 10,061.

CARTER ET AL. *v.* CLARK ET AL.

GRAVEL ROADS.—*Use of Highway.*—*County Commissioners.*—A grant by the county commissioners, to a gravel road company, to occupy and use a public highway for its gravel road, confers the right to make such excavations thereon as may be necessary in the grading of its road.

From the Fountain Circuit Court.

*J. McCabe, C. M. McCabe* and *E. F. McCabe*, for appellants.
*M. Milford*, for appellees.

ELLIOTT, J.—The appellants' complaint seeks the review of a judgment rendered on a demurrer to a complaint in an action instituted by them against the appellees.

The contention of appellants' counsel is that a grant by county commissioners, to a private gravel road corporation, of the right to occupy and use a public highway for a gravel road, does not confer authority to dig into or disturb the surface of the ground occupied by the public road. We are of a different opinion. The grant by the county commissioners confers the easement owned by the county, and this embraces the right to improve and use the granted roadway for highway purposes. It would nullify the statute, to hold that the grantee of the county does not take a right to make a gravel road out of the public highway. In granting a principal power, all incidental ones are impliedly conferred, and the grant of the commissioners necessarily implies the right to construct a gravel road and to do all reasonable things necessary to effectuate that object.

The conclusion which we have reached is not in conflict with the ruling in *Turner* v. *Rising Sun, etc., Co.,* 71 Ind. 547, for the reason that the complaint sought to be reviewed does not show any appropriation of soil, nor any injury to appellants' property. The only allegation upon this point is this: "And said supposed directors are now commencing to plow up and destroy said highway, preparatory to grading and gravelling the same, and are threatening to do so on those portions of the highway passing over and upon the lands of the plain-tiffs." This is far from showing any appropriation of appellants' property or any injury to it. No more is shown than what might be reasonably presumed necessary to construct such a gravel road as the law requires. The grant for a gravel road necessarily implies the right to make such changes in the surface of the highway as will make it fit for the purposes for which the statute intended the corporation should take it. If any other rule be adopted than the one stated, it necessarily results in holding that the private corporation can do nothing at all with the easement granted it by the commissioners under statutory authority. The statute forbids such a conclusion, for it declares that the granted highway "shall be and become the property of said company for the purpose of making and maintaining said road and the toll-gates and toll-houses thereon." Sec. 3628, R. S. 1881.

It is well settled that no additional burden is imposed by changing a public highway into a toll road. The change is not in the character of the servitude, but in the mode of sustaining the highway; in the one case it is sustained by taxes, in the other by tolls. *Benedict* v. *Goit,* 3 Barb. 459; *Walker* v. *Caywood,* 31 N. Y. 51; *Wright* v. *Carter,* 27 N. J. L. 76; *Douglass* v. *Boonsborough, etc., Co.,* 22 Md. 219; *Callison* v. *Hedrick,* 15 Grat. 244; *Nolensville, etc., Co.* v. *Baker,* 4 Humph. 314; *Panton, etc., Co.* v. *Bishop,* 11 Vt. 198; *Chagrin Falls, etc., Co.* v. *Cane,* 2 Ohio St. 419.

Judgment affirmed.