ISELIN and others *v.* HEDDEN, Collector, etc.

*(District Court, S. D. New York. June, 1886.)*

CUSTOMS DUTIES—REAPPRAISEMENT—FEES ILLEGALLY EXACTED—PENALTY—REV. ST. §§ 2636, 2725, 2733, 2930.

Section 2725 of the Revised Statutes, providing for the payment of five dollars a day to merchant appraisers, has no application in ports where there is a stated appraiser. *Semble,* in such cases compensation is provided for by section 2733.

2. SAME—IMPORTER NOT LIABLE FOR EXPENSES OF MERCHANT APPRAISER—TREASURY REGULATION 472 VOID.

Upon notice by an importer, pursuant to section 2930, of his dissatisfaction with the appraiser's valuation of goods imported, a reappraisement by a merchant appraiser is one of the ordinary means of ascertaining the value of the goods for the purpose of determining the duty; and no charge for that service can be imposed upon the importer, directly or indirectly, in the absence of any authority of law therefor. Article 472 of the treasury regulations of 1884 is to that extent illegal and void.

8. SAME—COLLECTOR'S LIABILITY—VOLUNTARY PAYMENT—PARTY AGGRIEVED.

The plaintiffs, upon giving notice of dissatisfaction with an appraisement, paid at the collector's office, upon filing such notice, a fee of $10, which had been long required as a condition of proceeding with the reappraisement, in accordance with article 472 of the treasury regulations. The deposit was for the purpose of paying the merchant appraiser for his services, such portion as was not used for that purpose being afterwards returned. *Held,* (1) that such deposit, if exacted as a condition of proceeding with the reappraisement, was illegal; and, if done with the collector's knowledge and sanction, was a violation by him of section 2636, which declares that "every officer of the customs who demands or receives any other or greater fee than is allowed by law for performing any duty or service required from him shall be liable to a penalty of $200 to the use of the party aggrieved;" (2) that if paid in pursuance of a well-known and settled requirement and usage, it was not a voluntary payment; (3) that the plaintiffs were entitled to prosecute the defendant in their own name.

Action for Penalty.

*Mr. Tremain,* for plaintiffs.

*Mr. Platt,* for defendant.

The charge to the jury in the above case was, in substance, as follows:

BROWN, J. This action is brought to recover of the collector a penalty of $200, under section 2636, Rev. St., upon the ground that he received a fee that he was not entitled by law to charge, upon a reappraisement of the plaintiffs' goods. To entitle the plaintiffs to recover, it must appear that the charge was illegal; and that it was received for a service that the plaintiffs had a right to require from the collector without charge.

If the deposit of the $10 in this case, no matter though its purpose was to pay the merchant appraiser, was required by the collector as a condition of ordering a reappraisement, it was an illegal exaction. No statute has been pointed out that authorizes any requirement that the importer shall pay the expenses of the merchant appraisers upon reappraisements. Section 2725, which provides for the payment of

five dollars per day, applies only to ports where there is no appraiser. Section 2733, however, provides that for "every other person that the collector may find it necessary and expedient to employ as occasional inspector, *or in any other way in aid of the revenue,* a like sum, while actually so employed, not exceeding three dollars for every day so employed." If there is no other statutory provision applicable to merchant appraisers in ports where there is an appraiser, that section would seem to apply. But that section, like numerous others, provides merely for the officer's compensation. Nothing in it makes this compensation a charge upon the importer, or authorizes its collection from him. No fee or deposit can therefore be lawfully required to be paid by the importer for a reappraisement, when he gives notice of his dissatisfaction with the appraiser's valuation in accordance with section 2930. The reappraisement in such a case is a part of the mode pointed out by law for ascertaining the value of the importation for the purpose of levying duties. It is as much a right of the importer to have that reappraisement made when he is dissatisfied with the appraiser's valuation as it is the right of the government in the first instance to have its general appraiser appraise the merchandise without any notice to the importer, or without the aid of a merchant appraiser. It is no more the duty of the importer to pay the expense of the merchant appraiser than that of the general appraiser. The reappraisement, after notice of dissatisfaction, is, like the appraisement, one of the necessary means of finally determining the value upon which the duties are to be liquidated. Under the law, as it now stands, the importer has nothing to do with the selection of the merchant appraiser. He simply notifies the collector of his dissatisfaction. It is then the collector's duty to appoint an additional appraiser. The importer cannot be lawfully subjected to any charge for either service, because no law imposes such a charge upon him. If, therefore, the collector required and received this $10 as a condition of proceeding with the reappraisement, the penalty prescribed by section 2635 was incurred.

It has been argued before you that this was a voluntary payment by the importer. There was no objection or protest against the payment in this instance. It is not necessary, however, that there should always be a protest accompanying the payment of a sum of money which is paid in order to obtain the performance of a duty, or the allowance of a right, to render the payment an enforced payment. Where there is a settled and well-known course of business requiring such payment, which has been continued for a considerable time, and the fact is known that the right is not accorded, and the proceedings are not had, without such payment, a payment made under such circumstances may be just as much a constrained and coerced payment as if it were the first in the series, and made under an express protest and objection at the time. *Swift Co.* v. *U. S.,* 111 U. S. 22; S. C. 4 Sup. Ct. Rep. 244.

All the evidence, therefore, that has been given in regard to the course and custom of business in this and other cases of the same kind, is to be taken by you into account in determining whether this was purely and simply a voluntary payment by the importer, or whether it was paid upon a well-known and established requirement that this deposit must be made or else that no proceedings for reappraisement would be had. If you find that the latter was the fact, then this was not a voluntary payment in the meaning of the law, although no specific objection was taken at the time.

The collector is, in general, answerable for the acts of his subordinates, who simply perform the duties assigned to them. He is not liable for any departure by one of the clerks from his prescribed duties, in a demand of fees made without the collector's sanction or authority. In such a case the remedy would be against the person who committed the offense. But if the fee is imposed in the regular and customary course of business, and with the knowledge, approval, and sanction of the collector, and the collector receives the money, then the act is legally the act of the collector as the responsible principal, and is within the statute.

You have heard the evidence as to the frequency of charges of this kind. It is for you to determine whether this would probably take place without any knowledge or sanction or approval by the collector, or whether it was done as a part of the ordinary course of the business of the office, with his knowledge, approval, and sanction. You have also before you the check of the collector, given as a return payment of a part of this sum, only the balance being retained, which is supposed to have been paid to the merchant appraiser for his services on the reappraisment. The return of that balance makes no difference as regards the original exaction, if the payment was exacted as a condition of going on with the reappraisement.

If exacted, the intention undoubtedly was to compel the importer to pay the expense of employing the merchant appraiser; nor would it make any difference that the collector did not derive any personal benefit from the exaction, if it was demanded for the purpose of paying a charge that the importer was not bound by law to pay. Neither is it any defense that this exaction was in pursuance of a regulation of the treasury department.

By article 472 of the treasury regulations of 1884 it is provided that "the merchant appraiser is entitled, as such, to a compensation of five dollars per diem while so employed, to be paid by the party taking the appeal;" that is, by the importer. I am obliged to rule that the treasury department has no power to add to the laws by imposing charges on importers, and that that part of this regulation is illegal. *Morrill* v. *Jones*, 106 U. S. 466; S. C. 1 Sup. Ct. Rep. 423.

The article further continues:

"In cases, however, where such party refuses or delays to make the payment, the collector is authorized, if claimed by the merchant appraiser, to ad-

vance the sum due to said merchant appraiser, such payment to be noted on the entry of the merchandise in question; and no permit thereafter will be issued for the delivery of said merchandise, or any part thereof, for consumption, transportation, or exportation, until the collector is reimbursed by the importer for the advance so made."

Under that regulation there could be no goods delivered without the payment of this money; so that payment under that regulation would be a payment under duress or coercion.

In matters of this kind, I may say, in conclusion, that there is no other way to reach departures from the statute, and to check and prevent petty impositions, than some such mode as this. There are various general statutes, like that under which this action is brought, designed, by the penalties imposed, to afford both a compensation to the persons aggrieved and a check against exactions beyond what the law allows. The object of this statute is evidently the protection of the public. It may operate harshly, considering a single transaction only. If it did not do so, it would not be likely to afford any effectual remedy, and it would be likely to be less regarded in the future. This penalty, without being heavy, is sufficient to secure attention. If enforced, it will tend to stop such impositions. There is nothing, therefore, in the circumstances, as it seems to the court, that should lead you to hesitate in finding a verdict for the plaintiffs, provided you find the conditions to exist which I have stated to be essential, viz.: that the collector received this money; that it was not a voluntary payment, but one that was coerced, having in view the established practice of business as known to the collector, and sanctioned by him. If you find such to be the facts, and that this money was required and received by the collector as a condition of proceeding with the reappraisement of this merchandise, then it is your duty to find for the plaintiffs. Otherwise, your verdict will be for the defendant.