(Opinion published 52 N. W. Rep. 526.)

---

JOHN PANTON *et al. vs.* DULUTH GAS & WATER Co.

Submitted on briefs May 13, 1892.   Decided June 13, 1892.

Review of Order Granting a New Trial.

> Order granting a new trial for insufficiency of the evidence sustained. *Hicks* v. *Stone*, 13 Minn. 434, (Gil. 398,) followed.

Payment under Duress.

> A city merchant in whose store were employed forty persons, and which was supplied with water only by the defendant's system of water works, there being three water-closets in the building, paid, under protest, an excessive charge for water, the defendant being about to shut off the supply for nonpayment. *Held* duress, and that an action may be maintained to recover the excess paid.

Appeal by plaintiffs John Panton and Joseph Watson, from an order of the Municipal Court of the City of Duluth, *Hanks,* J., made July 8, 1891, granting defendant a new trial.

The defendant, the Duluth Gas and Water Company, on October 24, 1890, demanded of plaintiffs $171.63, claiming that amount to be due it for water supplied to plaintiffs during ten months.   Its servants were about to cut off the supply unless plaintiffs paid the bill. They paid it under written protest that it was too large by at least $85.   They brought this action to recover this alleged excess and obtained a verdict for the amount.   The court granted the defendant a new trial, deeming the verdict not warranted by the evidence. From that order plaintiffs appeal.

*Cotton & Dibell,* for appellants.

*Draper, Davis & Hollister,* for respondent.

DICKINSON, J.   The defendant is a corporation owning and oper-
ating the water works by which the city of Duluth is supplied with
water, and authorized by law to charge for water supplied to the in-
habitants at specified rates, measured by the quantity supplied.

The plaintiffs occupy a building in the city for mercantile purposes,
and keep in their service therein some forty or fifty employes.   The
only water supply for the premises is that afforded by the defendant.
There are three water-closets in the building, and faucets elsewhere
for drawing water, these all being supplied with water in the usual
manner.   The water thus supplied is used for the closets, for sprink-
ling, washing floors and windows, for drinking, and for the ordinary
daily use of the persons in the building, but not for culinary pur-
poses.   The defendant made a demand on plaintiffs for payment of
a specified sum for use of water during a particular period.   The
plaintiffs refused to pay that sum, claiming that the water meter on
the premises, put in by the defendant, did not correctly measure the
amount of water passing through it, and that the amount of water
for which the charge was made was much in excess of the amount
actually used.   The defendant was about to shut off the water sup-
ply from the building because of such refusal, as it assumed the
right to do, when the plaintiffs, in order to prevent the water being
shut off, paid the sum charged, under protest, and now prosecute
this action to recover back the amount of the alleged overcharge.

1. Upon the question of fact as to the water meter having erro-
neously indicated the amount of water passing through it, the jury
found in favor of the plaintiffs.   The court, considering that the ev-
idence did not justify the verdict, granted a new trial.   Upon this
point the case of *Hicks* v. *Stone*, 13 Minn. 434, (Gil. 398,) and the
numerous decisions in which the rule there announced has been re-
affirmed and applied, is conclusive.   The evidence was such as to
justify the order.

2. The question is presented, and may be expected to again arise
upon a second trial, whether the circumstances under which the
plaintiffs made the payment were such that the payment may be re-
garded as having been so far compulsory or necessary that an action
will lie to recover it back.   We are of the opinion that it is to be

so regarded.   In buildings as, now constructed in populous cities, where there is an adequate supply of water, and especially in buildings occupied by so many persons as are shown to have been employed in the plaintiffs' store, water-closets may well be regarded as reasonably necessary.   The closets provided for use on these premises, and comprising a part of the building, would have been useless unless supplied with water; and there was no other practicable source of supply save that afforded by the defendant.   The defendant was under legal obligation to supply water at the proper price.   It was the plaintiffs' right to have it thus supplied.   The defendant of its own will merely, and without any legal determination as to the disputed fact upon which the exercise of such a power depended, was about to cut off the whole water supply from these premises.   This was a kind of execution in advance of judgment.   The plaintiffs would be compelled to submit to being deprived of the use of water on their premises until, by such legal proceedings as they might institute for that purpose, they could legally establish the fact that the charge was excessive.   Their only alternative was to pay what was demanded of them.   We think that such a case falls within the class in respect to which it may be said that the payment is virtually compulsory, and not voluntary, in the sense that the party is concluded by it.   What was said upon the law of *duress* in the recent decision in *Joannin* v. *Ogilvie*, 49 Minn. 564, (52 N. W. Rep. 217,) renders unnecessary any more full discussion of the subject.

Order affirmed.

(Opinion published 52 N. W. Rep. 527.)