FRANCOIS X. MARCOTTE *vs.* CHARLES V. ALLEN.

Androscoggin.    Opinion December 13, 1897.

*Payment.   Fraud.   Ignorance of Law.   Offices.   Fees.   Nonsuit.*

Whenever a payment made in ignorance of the law is induced by the fraud or imposition of the other party, and especially if the parties are not upon an equal footing, an action to recover it back is maintainable.

For a public officer, whose fees by law are to be paid by the city, and are paid by the city, to receive fees to which he knows he is not entitled, and which he knows are being paid to him by a party ignorant of the law, who would not pay if he knew the law,—and not to inform him that he was not bound to pay, is fraudulent, and such officer should restore the money which he cannot conscientiously retain.

In this case the court *holds* that the admission of the defendant, and the evidence introduced by the plaintiff, if true, bring the case within this rule.

In deciding whether an order directing a nonsuit is correct, the court must assume that the plaintiff's evidence is true.

ON EXCEPTIONS BY DEFENDANT.

The facts are stated in the opinion.

*J. G. Chabot,* for plaintiff.

*W. H. Newell and W. B. Skelton,* for defendant.

Counsel argued on the facts: The defendant was city clerk; the plaintiff was an undertaker; the law of the state provides that before burial an undertaker must have a certificate from the city clerk; the plaintiff alleges that he sent his agent to the city clerk for the several certificates, and the agent says he paid the city clerk or his clerk twenty-five cents for each permit; the plaintiff says he never went himself for the certificates; the agent says that the city clerk never demanded the money from him, and never refused to issue the certificates. The plaintiff says he would not have paid the fees if he had known the law. In other words, if his story is entitled to credit, he knew all the facts and if he paid the money at all, paid it because he did not know the law, and says distinctly that he would not have paid the money if he had known the law.

Money paid under mistake of law cannot be recovered back :—
*Norton* v. *Marsden*, 15 Maine, 45 ; *Silliman* v. *Wing*, 7 Hill, 159 ;
*Peterborough* v. *Lancaster*, 14 N. H. 382 ; *Champlin* v. *Laytin*, 18
Wend. 407 ; *Painter* v. *Polk County*, 81 Iowa, 242, (25 Am. St.
Rep. 489); *Badeau* v. *United States*, 130 U. S. 439.

SITTING : PETERS, C. J., HASKELL, WISWELL, STROUT, SAV-
AGE, JJ.

SAVAGE, J.  The plaintiff is an undertaker.  The defendant is
city clerk of the city of Lewiston.  The plaintiff sues in this action
for money had and received to recover back fees paid to the defend-
ant for three hundred and seventy-six "burial permits," issued
under the provisions of Public Laws of 1891, c. 118, as amended
by Public Laws of 1895, c. 154.  At the conclusion of the plain-
tiff's evidence, the presiding justice directed a nonsuit, to which
ruling the plaintiff excepted.

By statute, the fees of city clerks for issuing burial permits are
to be paid by the cities and towns, and it was admitted that "the
defendant was paid his legal fees by the city of Lewiston for all
the burial permits mentioned in this action prior to March, 1896."

Assuming, as we must, that the plaintiff's evidence was true,
the case discloses the following facts.  The plaintiff paid the money
sued for to the defendant, as fees for burial permits issued by him.
A fee of twenty-five cents was paid each time the plaintiff had
occasion to require a permit.  The plaintiff did not know that the
statute required the city to pay the city clerk for his services in
issuing permits, nor that the defendant was being paid by the
city for the same.  The defendant received and kept the money,
and did not inform the plaintiff that the city was bound to pay, or
was paying his legal fees.  The evidence does not show that the
defendant demanded pay of the plaintiff as a prerequisite to the
issuing of the permits, but the defendant's predecessor in office
asked the plaintiff to pay for such permits, which he did, and he
"supposed it was the same rule, and paid him [the defendant]
right along."  From these facts it can hardly be inferred that the

defendant thought these payments were gratuities, and we are satisfied that he must have known that the plaintiff paid these fees because he supposed he was bound to. It is clearly a case of payments made in ignorance of the law, and the defendant relies upon the well-settled rule that voluntary payments, made with full knowledge of all the facts, but under a mistake or through ignorance, of the law, cannot be recovered. *Norris* v. *Blethen,* 19 Maine, 348.

The defendant is a public officer, and though he did not expressly demand the payment of these fees he took them knowing that the plaintiff was acting upon a mistaken view of his legal rights. The parties did not stand upon a level. The defendant was in a position where the plaintiff was justified in relying upon his conduct. A public officer must deal fairly with the public. Some courts have sustained actions like this on the ground of public policy. In *American Steamship Co.* v. *Young,* 89 Pa. St. 186, the court said of the relations between a public officer and the public:—" He and the public who have business to transact with him do not stand upon an equal footing. It is his special business to be conversant with the law under which he acts, and to know precisely how much he is authorized to demand for his services; but with them it is different. They have neither the time nor the opportunity of acquiring the information necessary to enable them to know whether he is claiming too much or not, and as a general rule, relying on his honesty and integrity, they acquiesce in his demands." See *Mayor of Baltimore* v. *Lefferman,* 4 Gill, 425; 45 Am. Dec. 145, note; *Walker* v. *Ham,* 2 N. H. 238; *Stevenson* v. *Mortimer,* Cowper, 805.

But without deciding that this action is maintainable on the ground of public policy, we think it can be maintained upon another ground. Whenever a payment made in ignorance of the law, is induced by the fraud or imposition of the other party, and especially if the parties are not upon an equal footing, an action to recover it back is maintainable. *Stover* v. *Poole,* 67 Maine, 217; *Silliman* v. *Wing,* 7 Hill, 159; *Bank of U. S.* v. *Daniel,* 12 Pet. 32. This court has declared in *Freeman* v. *Curtis,* 51 Maine, 140,

and in *Jordan* v. *Stevens,* 51 Maine, 78, that when one, who himself knows the law, and knows another to be ignorant of it, takes advantage of his ignorance, it may be regarded as fraud. His very silence may be fraudulent. *Downing* v. *Dearborn,* 77 Maine, 457. For a public officer, whose fees by law are to be paid by the city, and are paid by the city, to receive fees to which he knows he is not entitled, and which he knows are being paid to him by a party, ignorant of the law, who would not pay if he did know the law,—and not to inform him that he was not bound to pay, is fraudulent, and such officer should restore the money which he cannot conscientiously retain. To hold otherwise would be a reproach to the law.

It is the opinion of the court that the admission of the defendant and the evidence introduced by the plaintiff brought the case within this rule, and that the order directing a nonsuit was erroneous.

*Exceptions sustained.*