### WILSON CASE LUMBER CO. v. MOUNTAIN TIMBER CO.

(District Court, W. D. Washington, S. D. November 6, 1912.)

No. 1,740.

1. CORPORATIONS (§ 516*)—RIGHT TO SUE UNDER WASHINGTON STATUTE—PAYMENT OF ANNUAL LICENSE FEE.

Under Rem. & Bal. Code Wash. § 220, which provides that actions shall be commenced by the service of summons or the filing of a complaint, where in an action by a corporation the original complaint is abandoned and an amended complaint is filed, the filing of such amended complaint may be considered the commencement of the action for the purposes of sections 3714, 3715, which require corporations to pay an annual license fee on or before July 1st each year, and provide that no corporation shall be permitted to commence or maintain an action "without alleging and proving that it has paid its annual license fee last due," and an allegation in such amended complaint that plaintiff has paid its annual license fee "last due" is sufficient.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2029, 2046; Dec. Dig. § 516.*]

2. CONTRACTS (§ 335*)—COMPLAINT—PERFORMANCE OF CONDITIONS PRECEDENT.

Under Rem. & Bal. Code Wash. § 288, which provides that, "in pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part," an allegation in the complaint in an action for breach of a contract by which plaintiff contracted to sell defendant standing timber, which under the law of the state could only be conveyed by a written instrument, that the property intended to be conveyed was subsequently conveyed "and the contract otherwise performed," except the payment of the price, is a sufficient allegation that such a conveyance was made or tendered as was required by law.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1664–1676; Dec. Dig. § 335.*]

3. CONTRACTS (§ 330*)—ACTION FOR BREACH—NECESSARY PARTIES.

Where a contract by A., a corporation, to sell real estate and timber to defendant, recited that certain of the timber was owned by B., but required payment to be made to A., and further provided that on full performance A. should cause all of its stock to be transferred to defendant, A. is a necessary party to an action by B. for breach of the contract by defendant, by refusing to accept and pay for such timber, although it is alleged that in contracting for its sale A. acted as plaintiff's agent, and that defendant knew such fact.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1589–1614; Dec. Dig. § 330.*]

At Law. Action by the Wilson Case Lumber Company against the Mountain Timber Company. On demurrer to amended complaint. Demurrer sustained.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

W. G. Drowley and Miller, Crass & Wilkinson, all of Vancouver, Wash., and Fletcher & Evans, of Tacoma, Wash., for plaintiff.

E. C. Strode, of Portland, Or., A. H. Imus, of Kalama, Wash., and Coy Burnett, of Portland, Or., for defendant.

CUSHMAN, District Judge. This case is before the court upon a demurrer to the amended complaint. The complaint is one for the recovery of $10,000, claimed by the Wilson Case Lumber Company on account of a breach of a contract between the defendant and the Willard Case Lumber Company. The agreement was in writing and is set out in the amended complaint, the material parts of which are:

"That the party of the first part [the Willard Case Lumber Company] has agreed and does hereby agree to sell, convey, transfer, and set over unto the party of the second part [the Mountain Timber Company] by good and sufficient deeds, bills of sale, and other assurances of title necessary to convey the title and ownership of the property hereinafter described, free and clear of all liens and incumbrances, unto said party of the second part, and the said party of the second part has agreed and does hereby agree to purchase said property at the price and on the terms and conditions hereinafter mentioned, to wit:

"First. All of the real property, including timber lands and timber, rights of way, franchises, and easements owned by said party of the first part and situated in Cowlitz county, state of Washington, and also all of the real property, timber lands, timber, rights of way, franchises, and easements owned by the Wilson Case Lumber Company, * * * situated, lying, and being in said Cowlitz county, more particularly described as follows: * * * Also a tract of land situated near the city of Kalama, in said county, consisting of 38 acres, owned by said Wilson Case Lumber Company, being the mill site and grounds now occupied and used by said party of the first part. * * * and also all of the right, title, and interest of the said party of the first part, or of said Wilson Case Lumber Company, in and to that certain contract or agreement of joint ownership or right of way and incompleted grade on property in or near said city of Kalama. * * *

"Fifth. All the standing timber and stumpage now owned by the aforesaid Wilson Case Lumber Company at or near Rainier, Columbia county, state of Oregon, known as the Moeck land, and estimated to be about 2,-500,000 feet, at the agreed price of $4.00 per 1,000 feet stumpage, as ascertained when the same is placed in the boom of the party of the first part at Rainier, Oregon, provided that only such portion of said stumpage as shall have been logged and placed in boom as aforesaid shall be computed and included in the final payment to be made by said party of the second part as hereinafter provided. Such part of said stumpage as may remain unlogged on January 1, 1910, shall be paid for by the second party thereafter as the same may be placed in the boom.

"It is further stipulated and agreed that, upon the consummation of this agreement and immediately after the transfer of titles to the property hereinbefore described thereunder, said party of the first part shall cause all of the capital stock of the party of the first part to be indorsed and transferred to the party of the second part, or to such party or parties as shall be designated by it.

"In consideration of the foregoing, the party of the second part covenants and agrees that, upon the fulfillment of the covenants, stipulations, and agreements of the party of the first part hereinabove set forth, it will pay to said party of the first part * * * and the aggregate amount of the stumpage, as provided in the fifth paragraph above noted, and as the same shall be computed at the time of final payment as herein provided, said payments to be made in cash at Portland, Oregon, and as follows, to wit: Ten thousand dollars ($10,000.00) upon the execution of this agreement, and the remainder thereof on or before the 1st day of January, 1910."

The complaint alleges:

That the plaintiff is a corporation organized under the laws of the state of Oregon, and has paid its annual license fee last due. That the defendant is a Nebraska corporation. That the Willard Case Lumber Company is a Washington corporation. That, at the time of making the agreement, the plaintiff was the owner of the timber mentioned in paragraph V of the agreement.

## Paragraph VI of the complaint is as follows:

"That in the agreement hereinbefore set out the defendant purchased from the Willard Case Lumber Company and from the Wilson Case Lumber Company a large quantity of real estate, timber, and personal property, and that in making said agreement, and in the sale of the property therein mentioned to the defendant, the Willard Case Lumber Company was acting for and in behalf of the Wilson Case Lumber Company for all property owned by the Wilson Case Lumber Company conveyed to the defendant. In the sale of the timber mentioned in paragraph V of said agreement the said Willard Case Lumber Company was acting on behalf of the Wilson Case Lumber Company, and while so acting on behalf of the said Wilson Case Lumber Company sold to the defendant the timber mentioned in paragraph V of said contract at the agreed price of $4 per M feet stumpage. That in entering into said agreement the defendant knew that the said timber was the property of the plaintiff in this suit, and that the Willard Case Lumber Company was acting for and on behalf of the Wilson Case Lumber Company, the plaintiff herein, in selling the same, and that the payment for the timber should go to the Wilson Case Lumber Company."

It is further alleged that, following the execution of the contract, the defendant commenced operations for the removal of the timber mentioned in paragraph V of the agreement; but, after a small quantity had been removed, it ceased work, and has since refused to cut and remove the said timber, and refuses to pay for the same. It is alleged that there are 2,500,000 feet of stumpage, and that the defendant is indebted to the plaintiff $4 per 1,000 feet for the same.

The defendant has demurred to the amended complaint, on the grounds that the plaintiff has no legal capacity to sue, that the amended complaint does not state facts sufficient to constitute a cause of action, and that there is defect of parties plaintiff and defect of parties defendant.

The amended complaint alleges that plaintiff is an Oregon corporation and "has paid its annual license fee last due." Section 3714, Rem. & Bal. Code, requires the payment of such a fee each year, on or before July 1st. Section 3715 provides that:

"No corporation shall be permitted to commence or maintain any suit, action or proceedings in any court of this state, without alleging and proving that it has paid its annual license fee last due."

It is admitted that the allegation of the amended complaint would have been sufficient in an original complaint; but it is contended that the allegation should be "had paid its annual license fee last due before the commencement of this suit," in order to show that the same had been paid before the filing of the original complaint. It is contended that this construction alone will give effect to the words of the statute. Section 220, Rem. & Bal. Code, provides:

"Civil actions in the several superior courts of this state shall be commenced by the service of summons, as hereinafter provided, or by filing a complaint with the county clerk as clerk of the court: Provided, that unless service has been had on the defendant prior to the filing of the complaint the plaintiff shall cause one or more of the defendants to be served personally, or commence service by publication within ninety days from the date of filing complaint."

For most purposes a suit may be considered commenced when the original complaint is filed; but when that complaint is abandoned, or held insufficient, so far as the statute now before the court is concerned, the filing of an amended complaint may be considered the commencement of the suit, at any rate, where the power of the court has not been invoked by the issuance of a writ of attachment or other similar process.

[2] Under the second ground of demurrer, it is contended that the timber mentioned in the fifth paragraph of the contract, supra, being in Oregon, under the laws of which state it is part of the realty, the statute of frauds would require a written conveyance of this timber to the defendant to comply with the contract (Anderson v. Miami Lumber Co., 59 Or. 149, 116 Pac. 1056), and that the tender of a sufficient deed is a condition precedent to the plaintiff's right of recovery (Tacoma Water Supply Co. v. Dumermuth, 51 Wash. 609, 99 Pac. 741).

The Washington statute provides:

"In pleading the performance of conditions precedent in a contract, it shall not be necessary to state the facts showing such performance, but it may be stated generally that the party duly performed all the conditions on his part; and if such allegation be controverted, the party pleading shall be bound to establish, on the trial, the facts showing such performance."

The complaint alleges:

"That in pursuance of said agreement the property intended to be conveyed therein was subsequently conveyed and delivered to the defendant, and possession taken and the contract otherwise performed, except the payment of the timber mentioned and referred to in paragraph V of the contract."

This statement is equivalent to an allegation that the contract was performed in all other respects. "Otherwise performed" is broad enough to include the performance of all conditions. That it has this effect is further shown by the exception made in the paragraph immediately following the allegation that the contract was "otherwise performed"—"except that the defendant failed to pay for the timber, as agreed in paragraph V," on account of which breach this suit is brought. The allegation is a substantial compliance with section 288 of Remington & Ballinger's Code.

[3] The third and fourth grounds of demurrer are that there is a defect of parties plaintiff and defendant, in that the Willard Case Lumber Company is not made a party to the action. So far as the defendant is concerned, the contract set out, on its face, is not separable. It is one entire contract. Defendant's promise was to pay all money to the Willard Case Lumber Company. True, it is stated in the contract that the timber covered by paragraph V was owned by the Wilson Case Lumber Company, and it is alleged in the com-

plaint that, in making the contract for the sale of this timber, the Willard Case Lumber Company was acting for the plaintiff, and that the defendant so knew.

A decision in this case, finding the allegations of the complaint true, would be no defense hereafter to a suit brought against the defendant upon the contract by the Willard Case Lumber Company to recover for the same timber. The latter company can only be bound by being made a party to this suit. As shown above, the contract provided that, after the transfer of other property:

"Said party of the first part [Willard Case Lumber Company] shall cause all capital stock of the party of the first part to be indorsed and transferred to the party of the second part, or to such party or parties as shall be designated by it."

Plaintiff contends that, by the allegations in paragraph VII of the complaint, the contract had been performed, except the making of the payment due from the defendant. It is in effect alleged that the transfer of all the stock of the Willard Case Lumber Company has been made to the defendant, and that, having passed into the sole control of the defendant, it is not a necessary party. The Washington statute provides:

"All persons interested in the cause of action, or necessary to the complete determination of the question involved, shall, unless otherwise provided by law, be joined as plaintiffs when their interest is in common with the party making the complaint, and as defendants when their interest is adverse to the plaintiff: Provided, that where good cause exists, which shall be made to appear in the complaint, why a party who should be a plaintiff cannot, from a want of consent on his part or otherwise, be made such plaintiff, he shall be made a defendant."

The allegation that the stock of the Willard Case Lumber Company had been acquired by the defendant would, doubtless, be "good cause," as above provided, for making that company a party defendant; but it is, certainly, a necessary party.

The demurrer is sustained on the latter ground, and overruled as to the first two grounds.