PIERCE OIL CORPORATION *v.* HOPKINS, COUNTY CLERK OF SEBASTIAN COUNTY, ARKANSAS, ET AL.

APPEAL FROM THE CIRCUIT COURT OF APPEALS FOR THE
EIGHTH CIRCUIT.

No. 151.   Argued January 11, 1924.—Decided February 18, 1924.

A state law requiring retailers of gasoline to collect from purchasers a tax of 1¢ per gallon upon such gasoline sold by them as they have reason to believe the purchasers will use in motors on the highways of the State, and requiring the retailers to register, and to report and pay over each month the taxes accruing on sales made, under penalty of a fine, *held,* not violative of the retailers' rights under the due process clause of the Fourteenth Amendment. P. 139.

282 Fed. 253, affirmed.

APPEAL from a decree of the Circuit Court of Appeals, which affirmed a decree of the District Court dismissing the bill in a suit to enjoin enforcement of an Arkansas law taxing gasoline.

*Mr. Sam T. Poe,* with whom *Mr. Tom Poe* and *Mr. Louis Tarlowski* were on the brief, for appellant.

*Mr. William T. Hammock,* Assistant Attorney General, with whom *Mr. J. S. Utley,* Attorney General, *Mr. John L. Carter, Miss Darden Moose* and *Mr. J. S. Abercrombie,* Assistant Attorneys General, of the State of Arkansas, were on the brief, for appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

A statute of Arkansas provides that one who sells gasoline to be used by the purchaser in motor vehicles on highways of the State " shall collect from such purchaser, in addition to the usual charge therefor, the sum of one cent (1¢) per gallon for each gallon so sold;" that the dealer shall register with the county clerk in every county in which he does business; shall file each month a report of the sales made within the county during the preceding month; shall personally pay over each month the amount of the taxes accrued thereon; and that failure to file the report or to pay such amount is a misdemeanor which subjects the dealer to a fine. Act No. 606, March 29, 1921, Acts of Arkansas, 1921, p. 685. To enjoin the enforcement of the law the Pierce Oil Corporation brought, in the federal court for Western Arkansas, this suit against taxing officials. The trial court dismissed the bill, without opinion. Its decree was affirmed by the Circuit Court of Appeals. 282 Fed 253. The case is here under § 241 of the Judicial Code. Whether the statute is valid is the sole question for decision. The claims are that the statute violates the due process clause of the Federal Constitution; and that it is void for uncertainty.[1]

---

[1] In the District Court the plaintiff challenged the validity of the law also under the state constitution. But after the appeal was taken, the statute was upheld by the highest court of the State in *Standard Oil* v. *Brodie,* 153 Ark. 114. So that question is not before us. In this Court, it was argued that the statute violates the equal protection clause. As the contention was not made below, it is not considered. That the remedy at law was not adequate is conceded.

The claim that the act violates the due process clause rests upon the argument that the tax levied is a privilege tax for the use of the highways by the purchasers; that the seller is required to pay the tax laid on the purchasers; that, unlike those cases where a bank is required to pay taxes assessed against stockholders or depositors, *Citizens National Bank* v. *Kentucky,* 217 U. S. 443; *Clement National Bank* v. *Vermont,* 231 U. S. 120, the seller is not afforded the means of reimbursing himself; and that, moreover, the mere process of collecting the tax from the purchaser, and making monthly reports and payments, subjects the seller to an appreciable expense. A short answer to this argument is that the seller is directed to collect the tax from the purchaser when he makes the sale; and that a State which has, under its constitution, power to regulate the business of selling gasoline (and doubtless, also, the power to tax the privilege of carrying on that business) is not prevented by the due process clause from imposing the incidental burden.

The claim that the law is void for uncertainty is not urged as a violation of the due process clause. Compare *International Harvester Co.* v. *Kentucky,* 234 U. S. 216; *Fox* v. *Washington,* 236 U. S. 273. The argument, that there inheres in the statute such uncertainty as to render it a nullity, is answered by the fact that, since the judgment was entered in the trial court, all uncertainty has been removed by the decision of the highest court of the State in *Standard Oil Co.* v. *Brodie,* 153 Ark. 114. There the act was construed as requiring sellers to collect and pay the tax only on such gasoline as they have reason to believe purchasers from them will use in motors on the highways.

*Affirmed.*