**CUNNINGHAM et al. v. POTTS, Treasurer of State of Washington.**

(District Court, W. D. Washington, S. D. December 4, 1925.)

No. 275.

**1. Constitutional law ⬥137, 229(1), 283— Gasoline or liquid fuel tax statute not unconstitutional.**

Laws Wash. 1921, p. 669, and Laws Wash. 1923, p. 242, providing for gasoline or liquid fuel tax, *held* not violation of Const. art. 1, § 10, cl. 1, or of Const. Amend. 14.

**2. Licenses ⬥16(9)—Tax on gasoline to be used in vehicles operated on public highways, if "toll," held not forbidden by Federal Highway Act.**

Laws Wash. 1921, p. 669, and Laws Wash. 1923, p. 242, providing for liquid fuel tax on gasoline used in vehicles operated or intended to be operated on public highways of state, if a "toll," is not forbidden by Federal Highway Act 1921, § 9 (Comp. St. Ann. Supp. 1923, § 7477¼h), though under original Federal Highway Act, § 2 (Comp. St. § 7477b), and sections 2, 6, of later act (Comp. St. Ann. Supp. 1923, §§ 7477¼a, 7477¼e), federal aid is clearly intended for certain interstate and intercounty rural post roads.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Toll.]

In Equity. Suit by W. S. Cunningham and others against W. G. Potts, Treasurer of the State of Washington, to enjoin collection of liquid fuel tax. On motion to dismiss bill of complaint. Motion granted.

W. R. Crawford, of Seattle, Wash., for plaintiffs.

John H. Dunbar, Atty. Gen., and E. W. Anderson, Asst. Atty. Gen., for defendant.

CUSHMAN, District Judge. Plaintiffs, owners and operators of motor vehicles, in their complaint ask that the defendant, treasurer of the state of Washington, be enjoined from collecting the liquid fuel tax for which provision is made in chapter 173, p. 669, of the Washington Laws of 1921, and chapter 81, p. 242, of the Laws of 1923, and for themselves and others similarly situated seek to recover from the defendant a large amount of such taxes heretofore, and since January 1, 1925, by him collected. Defendant moves to dismiss.

Plaintiff cites: Edwards v. Bodkin, 249 F. 562, 161 C. C. A. 488 (C. C. A. 9th Cir.); Badger Co. v. Arnold (C. C. A.) 282 F. 115; Buck v. Kuykendall, 267 U. S. 307, 45 S. Ct. 324, 69 L. Ed. 623, 38 A. L. R. 286; Perrine v. Chesapeake & Delaware Canal Co., 9 How. 172–187, 13 L. Ed. 92; Opinion of Justices (N. H.) 120 A. 629; Bush & Sons Co. v. Maloy, 267 U. S. 317, 45 S. Ct. 326, 327, 69 L. Ed. 627; Boyle v. P. & R. R. Co. 54 Pa. 310–314; Penn. R. Co. v. Sly, 65 Pa. 205–210; Lake Superior, etc., R. R. Co. v. United States, 93 U. S. 442, 23 L. Ed. 965; Com'rs of Dodge County v. Chandler, 96 U. S. 205, 24 L. Ed. 625; State ex rel. Jersey City & B. P. Plank-Road Co. v. Haight, 30 N. J. Law, 447; Penn. Coal Co. v. Dell. & H. Canal Co., 29 Barb. (N. Y.) 592; State v. Hudson County Free Holders, 23 N. J. Law, 206; Benjamin v. Manistee R. Imp. Co., 42 Mich. 628, 4 N. W. 483; Wisconsin River Imp. Co. v. Manson, 43 Wis. 255, 28 Am. Rep. 542; State v. Maine, 27 Conn. 641, 71 Am. Dec. 89; State v. New Boston, 11 N. H. 407; People v. Davidson, 79 Cal. 166, 21 P. 538; Fishkill v. Fishkill & B. Plank Road Co., 22 Barb. (N. Y.) 634; Craig v. People, 47 Ill. 493; Chesley Jun v. Smith, 1 N. H. 20; Carter v. Clark, 89 Ind. 239; Benedict v. Goit, 3 Barb. (N. Y.) 459; Walker v. Caywood, 31 N. Y. 51; Douglass v. Boonsborough, etc., 22 Md. 219, 85 Am. Dec. 647; Callison v. Hedrick, 15 Grat. (Va.) 244; Panton, etc., Co. v. Bishop, 11 Vt. 190; Chagrin Falls, etc., Co. v. Cane, 2 Ohio St. 419; Nolensville, etc., Co. v. Baker, 4 Humph. (Tenn.) 315; Geiger v. Pres. of P. & R. T. Road, 167 Pa. 582, 31 A. 918, 28 L. R. A. 458; Opinion of Justices (Mass.) 146 N. E. 651; Escanaba & Lake M. Tran. Co. v. Chicago, 107 U. S. 678, 2 S. Ct. 185, 27 L. Ed. 442; St. Louis v. Western Union Tele. Co., 148 U. S. 92, 13 S. Ct. 485, 37 L. Ed. 380; Minn. Rate Cases, 230 U. S. 352, 33 S. Ct. 729, 57 L. Ed. 1511, 48 L. R. A. (N. S.) 1151, Ann. Cas. 1916A, 18; Hendrick v. Maryland, 235 U. S. 610, 35 S. Ct. 140, 59 L. Ed. 385; Kane v. New Jersey, 242 U. S. 160, 37 S. Ct. 30, 61 L. Ed. 222; Mackay Tel. & Cable Co. v. Little Rock, 250 U. S. 94, 39 S. Ct. 428, 63 L. Ed. 863; Interstate Motor Transit Co. v. Kuykendall (D. C.) 284 F. 882; Camas Stage Co. v. Kozer, 104 Or. 600, 209 P. 95, 25 A. L. R. 27; Northern Pac. Ry. Co. v. Schoenfeldt, 123 Wash. 579, 213 P. 26; Pennoyer v. McConnaughy, 140 U. S. 1–10, 11 S. Ct. 699, 35 L. Ed. 363; Cunningham v. Macon & B. R. R. Co., 109 U. S. 446, 3 S. Ct. 292, 609, 27 L. Ed. 992; Olympia Brewing Co. v. State, 102 Wash. 494, 173 P. 430; Duke v. Force, 120 Wash. 599, 620, 621, 208 P. 67, 23 A. L. R. 1354; Robertson v. Frank Bros. Co., 132 U. S. 17–23, 10 S. Ct. 5, 33 L. Ed. 236; Robertson v. Bradbury, 132 U. S. 491, 501, 10 S. Ct. 158, 33 L. Ed. 405; Swift & Courtney & Beech-

er Co. v. United States, 111 U. S. 22–31, 4 S. Ct. 244, 28 L. Ed. 341; O'Shea v. Kavanaugh, 65 Neb. 639, 91 N. W. 578; Magnolia v. Sharman, 46 Ark. 363; Cochran v. Schell, 107 U. S. 626, 2 S. Ct. 827, 27 L. Ed. 543; Nashua, etc., R. R. Co. v. Boston, etc., R. R., 61 F. 248, 9 C. C. A. 468; United States v. Norton, 97 U. S. 164, 24 L. Ed. 907; Eley v. Miller, 7 Ind. App. 529, 34 N. E. 836; Boston v. Edison E. L. Co., 242 Mass. 305, 136 N. E. 113; Panton v. Duluth G. & W. Co., 50 Minn. 175, 52 N. W. 527, 36 Am. St. Rep. 635; American Brewing Co. v. St. Louis, 187 Mo. 367, 86 S. W. 129, 2 Ann. Cas. 821; Cox v. Lott, 12 Wall. 204, 20 L. Ed. 370; Northwestern Union Packet Co. v. St. Paul, 3 Dill. 456, Fed. Cas. No. 10,346; Muser v. Robertson (C. C.) 17 F. 504, 21 Blatchf. 374; Oceanic S. N. Co. v. Tappan, 16 Blatchf. 296, Fed. Cas. No. 10,405; Marcotte v. Allen, 91 Me. 74, 39 A. 346, 40 L. R. A. 185; Welker v. Potter, 18 Ohio St. 85; Marsh v. Clark County, 42 Wis. 502; Bruecher v. Port Chester, 101 N. Y. 240, 4 N. E. 272; Galveston v. Sydnor, 39 Tex. 236; United States v. Lawson, 101 U. S. 164, 25 L. Ed. 860; Chicago v. Northwestern Mut. Life Ins. Co., 218 Ill. 40, 75 N. E. 803, 1 L. R. A. (N. S.) 770; Arkansas Bldg. Ass'n v. Madden, 175 U. S. 273, 20 S. Ct. 119, 44 L. Ed. 159; Iselin v. Hedden (D. C.) 28 F. 417; Scottish Union, etc., Ins. Co. v. Herriott, 109 Iowa, 606, 80 N. W. 667, 77 Am. St. Rep. 548; Pingree v. Mutual Gas Co., 107 Mich. 160, 65 N. W. 8; Trower v. San Francisco, 152 Cal. 479, 92 P. 1025, 15 L. R. A. (N. S.) 183; Cram v. Powell, 100 Or. 708, 197 P. 282; Arkansas Natural Gas Co. v. Norton Co., 165 Ark. 172, 263 S. W. 775.

Defendant cites: Pierce Oil Corp. v. Hopkins, 264 U. S. 137, 44 S. Ct. 251, 68 L. Ed. 593; Id. (C. C. A.) 282 F. 253; Askren v. Continental Oil Co., 252 U. S. 444, 40 S. Ct. 355, 64 L. Ed. 654; Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; Texas Co. v. Brown, 258 U. S. 466, 42 S. Ct. 375, 66 L. Ed. 721; State v. Hart, 125 Wash. 520, 217 P. 45; Altitude Oil Co. v. People, 70 Colo. 452, 202 P. 180; Standard Oil Co. v. Brodie, 153 Ark. 114, 239 S. W. 753; Amos v. Gunn, 84 Fla. 285, 94 So. 615–640; Viquesney v. Kansas City, 305 Mo. App. 488, 266 S. W. 700; Gafill v. Bracken (Ind. Sup.) 146 N. E. 109; Red Arrow Co. v. Carson City (Nev.) 225 P. 487; In re Opinion of the Justices (N. H.) 120 A. 629; Wilson Lbr. Co. v. Mountain Timber Co. (D. C.) 200 F. 181;

Savings Bank v. Ward, 100 U. S. 195, 25 L. Ed. 621; 33 Op. Attys. Gen. 42; Swigart v. Baker, 229 U. S. 187, 33 S. Ct. 645, 57 L. Ed. 1143; Jacobs v. Prichard, 223 U. S. 200, 32 S. Ct. 289, 56 L. Ed. 405; Studebaker v. Perry, 184 U. S. 258, 33 S. Ct. 463, 46 L. Ed. 528; United States v. Bellm (C., C.) 182 F. 161; United States v. Ill. Central Ry. (D. C.) 234 F. 433; United States v. Graham & Irvine (D. C.) 250 F. 499; Blanset v. Cardin, 256 U. S. 319, 41 S. Ct. 519, 65 L. Ed. 950; McLaren v. Fleischer, 256 U. S. 477, 41 S. Ct. 577, 65 L. Ed. 1052; First Nat. Bank v. Missouri, 263 U. S. 640, 44 S. Ct. 213, 68 L. Ed. 486; Swendig v. Wash. Water Power Co., 265 U. S. 322, 44 S. Ct. 496, 68 L. Ed. 1036; Galveston R. Co. v. Texas, 210 U. S. 217, 28 S. Ct. 638, 52 L. Ed. 1031; Standard Oil Co. v. Graves, 249 U. S. 389, 39 S. Ct. 320, 63 L. Ed. 662; Wagner v. Covington, 251 U. S. 95, 40 S. Ct. 93, 64 L. Ed. 157; Shaffer v. Carter, 252 U. S. 37, 40 S. Ct. 221, 64 L. Ed. 445; 31 Op. Attys. Gen. 520; Snyder v. Bettman, 190 U. S. 249, 23 S. Ct. 803, 47 L. Ed. 1035; Fidelity & Deposit Co. v. Penn., 240 U. S. 319, 36 S. Ct. 298, 60 L. Ed. 664; United States v. Perkins, 163 U. S. 625, 16 S. Ct. 1073, 41 L. Ed. 287; Achison v. Huddleson, 12 How. 293, 13 L. Ed. 993; Searight v. Stokes, 3 How. 151, 11 L. Ed. 537; State ex rel. Hines v. Scott County Road Co., 207 Mo. 54, 105 S. W. 752, 13 Ann. Cas. 656; St. Louis v. Green, 7 Mo. App. 468; Wadsworth v. Smith, 11 Me. 278, 26 Am. Dec. 525; United States v. Thind, 261 U. S. 204, 43 S. Ct. 338, 67 L. Ed. 616; Hawke v. Smith, 253 U. S. 221, 40 S. Ct. 495, 64 L. Ed. 871, 10 A. L. R. 1504; Liberty Highway Co. v. Public Utilities Com. (D. C.) 294 F. 703; In re Ayers, 123 U. S. 492, 8 S. Ct. 164, 31 L. Ed. 216; In re Tyler, 149 U. S. 164, 13 S. Ct. 785, 37 L. Ed. 689; Ill. Cent. R. Co. v. Adams, 180 U. S. 28, 21 S. Ct. 251, 45 L. Ed. 410; Scully v. Bird, 209 U. S. 481, 28 S. Ct. 597, 52 L. Ed. 899; North Carolina v. Temple, 134 U. S. 30, 10 S. Ct. 509, 33 L. Ed. 849; Prout v. Starr, 188 U. S. 543, 23 S. Ct. 398, 47 L. Ed. 584; Ex parte Young, 209 U. S. 123, 28 S. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764; Tanner v. Little, 240 U. S. 369, 36 S. Ct. 379, 60 L. Ed. 691; Cavanaugh v. Looney, 248 U. S. 453, 39 S. Ct. 142, 63 L. Ed. 354; Truax v. Raich, 239 U. S. 33, 36 S. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Gunter v. Atl. Coast Line, 200 U. S. 273–283, 26 S. Ct. 252, 50 L. Ed. 477; Bank

v. Mylin (C. C.) 76 F. 385; Smith v. Reeves, 178 U. S. 436, 20 S. Ct. 919, 44 L. Ed. 1140; L. & P. Chemical Co. v. Board, 111 N. C. 135, 15 S. E. 1032; Bloxham v. R. Co., 35 Fla. 625, 17 So. 902; Ambler v. Auditor General, 38 Mich. 746; State v. Liberty Oil Co., 154 La. 267, 97 So. 438; Atchison R. Co. v. O'Connor, 223 U. S. 280, 32 S. Ct. 216, 56 L. Ed. 436, Ann. Cas. 1913C, 1050; Lamborn v. Dickinson County, 97 U. S. 181, 24 L. Ed. 926; Phœbus v. Social Club, 105 Va. 144, 52 S. E. 839, 8 Ann. Cas. 667; Monaghan v. Lewis, 5 Pennewill (Del.) 218, 59 A. 948, 10 Ann. Cas. 1048; Brunson v. Board, 107 Ark. 24, 153 S. W. 828, 44 L. R. A. (N. S.) 293, Ann. Cas. 1915A, 493; Tozer v. Skagit County, 34 Wash. 147, 75 P. 638; Gaar Scott & Co. v. Shannon, 223 U. S. 468, 32 S. Ct. 236, 56 L. Ed. 510; Harbeck v. Sioux City (Iowa) 202 N. W. 507; note, Ann. Cas. 1913C, 1050; Hartford Fire Ins. Co. v. Jordan, 168 Cal. 270, 142 P. 839; Chicago Ry. Co. v. Bowman County, 31 N. D. 150, 153 N. W. 986; Atlas Powder Co. v. Goodloe, 131 Tenn. 490, 175 S. W. 547; State v. Liberty Oil Co., 154 La. 267, 97 So. 438; Gulf Refining Co. v. McFarland, 154 La. 251, 97 So. 433; Shell Co. v. State, 113 Wash. 632, 194 P. 835.

Section 4 of chapter 81 of the Laws of 1923 shows that the tax is limited to fuel sold for use in motor vehicles operated or intended to be operated upon any of the public highways of the state of Washington. The validity of these laws is attacked upon the ground that they are void under article 1, § 10, clause 1, of the Constitution, and the Fourteenth Amendment, and upon the further ground that the tax is a toll forbidden by section 9 of the Federal Highway Act (Comp. St. Ann. Supp. 1923, § 7477¼h).

[1] No interlocutory injunction has been asked. It is clear that there is no substance to plaintiffs' claim that the state law is in conflict with the Fourteenth Amendment (Pierce Oil Corp. v. Hopkins, 264 U. S. 137, 44 S. Ct. 251, 68 L. Ed. 593), or that plaintiffs are entitled to invoke article 1 of the Constitution. Therefore it is not necessary for the court to consider the effect of the amendment of section 266 of the Judicial Code. Section 1243, 1925 Supp. Comp. Stat., 43 Stat. at Large, p. 938.

[2] Plaintiffs' claim that the tax is a toll, forbidden by section 9 of the Federal Highway Act of November 9, 1921, 42 Stat. at Large, p. 214, remains for consideration. That section provides:

"That all highways constructed or re-constructed under the provisions of this act shall be free from tolls of all kinds."

It is clear from a reading of this act that federal aid is intended for certain interstate and intercounty rural post roads. Section 2 of the original act (39 Stat. at Large, 356 [Comp. St. § 7477b]) provides:

"That for the purpose of this act the term 'rural post road' shall be construed to mean any public road over which the United States mails now are or may hereafter be transported, excluding every street and road in a place having a population, as shown by the latest available federal census, of two thousand five hundred or more, except that portion of any such street or road along which the houses average more than two hundred feet apart. * * *"

Section 2 of the later act provides (42 Stat. at Large, p. 214; Comp. St. Ann. Supp. 1923, § 7477¼a):

"The term 'highway' includes rights of way bridges, drainage structures, signs, guard rails, and protective structures in connection with highways, but shall not include any highway or street in a municipality having a population of two thousand five hundred or more as shown by the last available census, except that portion of any such highway or street along which within a distance of one mile the houses average more than two hundred feet apart. * * *"

Section 6 of the later act provides (42 Stat. at Large, p. 215; Comp. St. Ann. Supp. 1923, § 7477¼e):

"* * * Highways which may receive federal aid shall be divided into two classes, one of which shall be known as primary or interstate highways, and shall not exceed three-sevenths of the total mileage which may receive federal aid, and the other which shall connect or correlate therewith and be known as secondary or intercounty highways, and shall consist of the remainder of the mileage which may receive federal aid. * * *"

If a tax of two cents a gallon, paid by the seller or distributor of gasoline used in vehicles operated or intended to be operated upon the public highways of the state, is in any sense a toll charged for the use of such public highways, it is not forbidden by section 9, because there are public highways of the state for the privilege of using which, by motor vehicles, the state has the undoubted right to exact such tax. If an attempt were made to collect such a tax upon gas distributed and used in motor vehicles operated and intended to be operated ex-

clusively upon federal aid highways, a different question would be presented. Askren, etc., v. Continental Oil Co., 252 U. S. 444, 40 S. Ct. 355, 64 L. Ed. 654; Bowman v. Continental Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139.

Reaching this conclusion, the other questions which have been argued it is unnecessary to consider.

The motion to dismiss will be granted.