ASKREN, ATTORNEY GENERAL OF THE STATE OF NEW MEXICO, ET AL. *v.* CONTINENTAL OIL COMPANY.

SAME *v.* SINCLAIR REFINING COMPANY.

SAME *v.* THE TEXAS COMPANY.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF NEW MEXICO.

Nos. 521–523.  Argued January 5, 6, 1920.—Decided April 19, 1920.

A law of New Mexico defining "distributors" of gasoline as those who sell it from tank cars, receiving tanks or stations, or in or from tanks, barrels or packages not purchased from a licensed distributor, and "retail dealers" as those other than distributors who sell it in quantities of 50 gallons or less, lays an annual license tax of $50.00

on each distributor for each distributing station, place of business or agency, and of $5.00 on each retailer for every place of business or agency,—besides imposing an excise of 2c per gallon on all gasoline sold or used, to be paid and made return of by distributors and dealers; it provides inspectors to see to its enforcement, and devotes the resulting revenue first to pay their salaries and expenses, and then to a highway fund. *Held,* that it is not an inspection act merely, but a privilege tax; and, as applied to parties who bring gasoline from without and sell it within the State, the act is void—a burden on interstate commerce—in so far as it relates to their business of selling in tank car lots and in barrels and packages, as originally imported from other States, but, if separable, it is valid in its application to sales made from such original packages in retail quantities to suit purchasers. P. 447.

An excise on purely local dealing in a commodity cannot be treated as a discrimination against other States merely because the commodity is not produced in the State imposing the tax but comes wholly from other States. P. 449.

The question whether an act assuming to tax a business in its interstate and intrastate aspects is separable as to the latter, *reserved* for final hearing where the relative importance of the two classes of business as conducted by plaintiffs could not be ascertained from the case as made on application for temporary injunction. P. 450.

Affirmed.

THE case is stated in the opinion.

*Mr. A. B. Renehan,* with whom *Mr. O. O. Askren,* Attorney General of the State of New Mexico, and *Mr. Harry S. Bowman,* Assistant Attorney General of the State of New Mexico, were on the brief, for appellants.

*Mr. Charles R. Brock* and *Mr. E. R. Wright,* with whom *Mr. Milton Smith, Mr. W. H. Ferguson, Mr. S. B. Davis, Jr.,* and *Mr. Elmer L. Brock* were on the briefs, for appellees.

MR. JUSTICE DAY delivered the opinion of the court.

These suits were brought by the three companies, appellees, in the District Court of the United States for the

District of New Mexico, to enjoin the enforcement of an act of the legislature of the State entitled: "An Act providing for an excise tax upon the sale or use of gasoline and for a license tax to be paid by distributors and retail dealers therein; providing for collection and application of such taxes; providing for the inspection of gasoline and making it unlawful to sell gasoline below a certain grade without notifying purchaser thereof; providing penalties for violations of this act and for other purposes." The law is found in Session Laws of New Mexico, 1919, c. 93, p. 182.

The cause came before three judges upon an application for temporary injunction and a counter-motion to dismiss the bills of complaint. The temporary injunction was granted, and a direct appeal taken to this court.

The provisions of the act so far as necessary to be considered define a distributor of gasoline as meaning "every person, corporation, firm, co-partnership and association who sells gasoline from tank cars, receiving tanks or stations, or in or from tanks, barrels or packages not purchased from a licensed distributor of gasoline in this State." A retail dealer is defined as meaning: "A person, other than a distributor of gasoline, who sells gasoline in quantities of fifty gallons or less." Every distributor is required to pay an annual license tax of $50.00 for each distributing station, or place of business, and agency. Every retail dealer is required to pay an annual license tax of $5.00 for every place of business or agency. An excise tax is imposed upon the sale or use of gasoline sold or used in the State after July 1, 1919; such tax to be 2c per gallon on all gasoline so sold or used. Any distributor, or dealer, who shall fail to make return or statement as required in the act, or shall refuse, neglect or fail to pay the tax upon all sales or use of gasoline, or who shall make any false return or statement, or shall knowingly sell, distribute or use any gasoline without the tax upon the sale or use thereof

having been paid as provided in the act shall be deemed guilty of a misdemeanor, and punished by a fine and forfeiture of his license. It is made unlawful for any person (except tourists or travelers to the extent provided in the act) to use any gasoline not purchased from a licensed distributor or retail dealer without paying the tax of 2c per gallon. Inspectors are provided for, for each of the eight Judicial Districts of the State, who are required to see that the provisions of the act are enforced, and privileged to examine books and accounts of distributors and retail dealers, or warehousemen or others receiving and storing gasoline and of railroad and transportation companies, relating to purchases, receipts, shipments, or sales of gasoline; their salaries are provided, and salaries and expense bills are to be paid out of the State Road Fund. Any person who shall engage or continue in the business of selling gasoline without a license or after such license has been forfeited, or shall fail to render any statement, or make any false statement therein, or who shall violate any provision of the act the punishment for which has not been theretofore provided, shall be deemed guilty of a misdemeanor and upon conviction shall be punished by a fine or imprisonment, or both. The State Treasurer is required to set aside from the license fees and taxes collected under the provisions of the act a sufficient sum to pay the salaries and traveling expenses of the inspectors out of the money received from such collections, and to place the balance to the credit of the State Road Fund to be used for the construction, improvement and maintenance of public highways.

It is evident from the provisions of the act thus stated that it is not an inspection act merely; indeed, the inspectors do not seem to be required to make any inspection beyond seeing that the provisions of the act are enforced, and the excess of the salaries and fees of the inspectors is to be used in making roads within the State. Considering

its provisions and the effect of the act, it is a tax upon the privilege of dealing in gasoline in the State of New Mexico.

The bills in the three cases are identical except as to the number of distributing stations alleged to belong to the companies respectively. As there was no answer, and the bills were considered upon application for injunction, and motion to dismiss, their allegations must be taken to be true.

Plaintiffs are engaged in the business of buying and selling gasoline and other petroleum products. The bills state that they purchase gasoline in the States of Colorado, California, Oklahoma, Texas and Kansas, and ship it into the State of New Mexico, there to be sold and delivered. The bills describe two classes of business—first, that they purchase in the States mentioned, or in some one of said States, gasoline, and ship it in tank cars from the State in which purchased into the State of New Mexico, and there, according to their custom and the ordinary method in the conduct of their business, sell in tank cars the whole of the contents thereof to a single customer, before the package or packages, in which the gasoline was shipped have been broken. In the usual and regular course of their business they purchase gasoline in one of the States, other than the State of New Mexico, and ship it, so purchased from that State, in barrels and packages containing not less than two 5-gallon cans, into the State of New Mexico, and there, in the usual and ordinary course of their business, without breaking the barrels and packages, containing the cans, it is their custom to sell the gasoline in the original packages and barrels. The gasoline is sold and delivered to the customers in precisely the same form and condition as when received in the State of New Mexico; that this manner of sale makes the plaintiffs distributors of gasoline as the term is defined in the statute, and they are required to pay the sum of $50.00 per annum for each of their stations

as an annual license tax for purchasing, shipping and selling gasoline as aforesaid.

A second method of dealing in gasoline is described in the bills: That the gasoline shipped to the plaintiffs from the other States, as aforesaid, is in tank cars, and plaintiff, or plaintiffs, sell such gasoline from such tank cars, barrels and packages in such quantities as the purchaser requires.

As to the gasoline brought into the State in the tank cars, or in the original packages, and so sold, we are unable to discover any difference in plan of importation and sale between the instant case and that before us in *Standard Oil Co.* v. *Graves*, 249 U. S. 389, in which we held that a tax, which was in effect a privilege tax, as is the one under consideration, providing for a levy of fees in excess of the cost of inspection, amounted to a direct burden on interstate commerce. In that case we reaffirmed, what had often been adjudicated heretofore in this court, that the direct and necessary effect of such legislation was to impose a burden upon interstate commerce; that under the Federal Constitution the importer of such products from another State into his own State for sale in the original packages, had a right to sell the same in such packages without being taxed for the privilege by taxation of the sort here involved. Upon this branch of the case we deem it only necessary to refer to that case, and the cases therein cited, as establishing the proposition that the license tax upon the sale of gasoline brought into the State in tank cars, or original packages, and thus sold, is beyond the taxing power of the State.

The plaintiffs state in the bills that their business in part consists in selling gasoline in retail in quantities to suit purchasers. A business of this sort, although the gasoline was brought into the State in interstate commerce, is properly taxable by the laws of the State.

Much is made of the fact that New Mexico does not produce gasoline, and all of it that is dealt in within that

State must be brought in from other States. But, so long as there is no discrimination against the products of another State, and none is shown from the mere fact that the gasoline is produced in another State, the gasoline thus stored and dealt in, is not beyond the taxing power of the State. *Wagner* v. *City of Covington*, 251 U. S. 95; and the cases from this court cited therein.

Sales of the class last mentioned would be a subject of taxation within the legitimate power of the State. But from the averments of the bills it is impossible to determine the relative importance of this part of the business as compared with that which is non-taxable, and at this preliminary stage of the cases we will not go into the question whether the act is separable, and capable of being sustained so far as it imposes a tax upon business legitimately taxable. That question may be reserved for the final hearing. The District Court did not err in granting the temporary injunctions, and its orders are

*Affirmed.*