### PIERCE OIL CORPORATION v. HOPKINS, County Clerk, et al.

(Circuit Court of Appeals, Eighth Circuit. July 5, 1922.)

No. 6008.

1. **Courts ⊜⇒366(6)—Actual effect of tax, and not name given it by state court, governs in determining whether federal Constitution is violated.**

To determine whether a tax violates the United States Constitution, it is necessary to ascertain its actual effect, whatever name or description may have been applied to it by the state court.

2. **Constitutional law ⊜⇒283—Taxation ⊜⇒37—Tax on gasoline sold not imposed on purchaser, and not lacking in due process of law.**

Acts Ark. 1921, p. 685, requiring all sellers of gasoline, etc., for use in motor vehicles to collect a tax of one cent a gallon in addition to the usual charge and pay it over to the county treasurer, does not impose the tax on the purchaser, and does not deny due process of law, in violation of Const. U. S. Amend. 14, as making seller liable for another's debts.

3. **Taxation ⊜⇒4—Excise tax on privilege of selling goods within power of state.**

An excise tax on the privilege of making sales of named products, though measured by the quantities sold for a designated use, is within the state's power of taxation, when the commerce clause is not involved.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by the Pierce Oil Corporation against Luther Hopkins, County Clerk of Sebastian County, Ark., and others. From a decree dismissing the bill, plaintiff appeals. Affirmed.

Boyle & Priest, H. S. Priest, R. E. Moloney, and G. T. Priest, all of St. Louis, Mo., and Poe, Gannaway & Poe, of Little Rock, Ark., for appellant.

J. S. Utley, Atty. Gen., and Elbert Godwin, and William T. Hammock, Asst. Attys. Gen., for appellees.

Before CARLAND, Circuit Judge, and TRIEBER and MUNGER, District Judges.

---

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

MUNGER, District Judge. In this suit the appellant sought a perpetual injunction against the enforcement of an act of the Arkansas Legislature, and appeals from a decree dismissing its bill.

Section 1 of the act in question (Acts Ark. 1921, p. 685) is as follows:

"That all persons, firms or corporations who shall sell gasoline, kerosene or other products to be used by the purchaser thereof in the propelling of motor vehicles, using combustible type engines over the highways of this state, shall collect from such purchaser, in addition to the usual charge therefor, the sum of one cent (1c) per gallon for each gallon so sold."

Other sections of the act make it the duty of every such seller of gasoline or other products to register with the county clerk and in each month to file an itemized report of the sales for the preceding month and of the amount of the tax due from the seller and then at once to pay the amount of the tax to the county treasurer. The seller is made personally liable for the amount of the tax in case of a sale without collecting the tax. It is made a misdemeanor for a seller to fail to file the monthly statement or to fail to pay over the tax due. One-half of the money so collected in any county is to be credited to the county road fund, and the other half is to be remitted to the state treasurer for the benefit of its highway improvement fund.

It was established by the pleadings and evidence that the plaintiff sells about 3,500,000 gallons of gasoline in Arkansas yearly, of which 75 per cent. is sold to purchasers who use it in internal combustion engines to propel vehicles over public highways in the state, and the amount of the tax on such sales would exceed $25,000 per annum. The plaintiff is at an expense of about $600 a month in preparing and filing the required reports and in collecting and remitting the amount of the tax.

The plaintiff claims that this act of the Legislature is in violation of the Fourteenth Amendment to the Constitution of the United States, and of several provisions of the Constitution of Arkansas. The particular claim of violation of the Fourteenth Amendment is that plaintiff is deprived of its property without due process of law, because, without its consent and without just compensation, it is made liable for the debts of another.

In the trial court the plaintiff claimed the act violated section 5 of article 16 of the state Constitution of Arkansas which reads as follows:

"All property subject to taxation shall be taxed according to its value, that value to be ascertained in such manner as the General Assembly shall direct, making the same equal and uniform throughout the state. No one species of property from which a tax may be collected shall be taxed higher than another species of property of equal value, provided the General Assembly shall have power from time to time to tax hawkers, peddlers, ferries, exhibitions and privileges in such manner as may be deemed proper."

The contention of plaintiff was, first, that the tax was levied upon gasoline as personal property, and lacked the requisite uniformity because it was laid upon gasoline sold for use in engines of vehicles used on the highways and was not laid upon gasoline sold for other purposes; and, second, if the tax was levied upon a privilege it was

not such a privilege as was contemplated by this portion of the Constitution. The act was also claimed to be void for uncertainty. Since the entry of the decree in this case, the Supreme Court of Arkansas, in the case of Standard Oil Co. v. Brodie, 239 S. W. 753, decided these contentions and held the law to be valid, and appellant concedes the authority of that decision as to the alleged violations of the state Constitution.

The claimed violation of the Fourteenth Amendment to the Constitution of the United States rests upon the assumptions that the tax is levied against the purchaser, and that the seller is required to pay the purchaser's tax, without benefit or reimbursement. The first inquiry is whether the seller does pay a tax which is levied against another. The Supreme Court of Arkansas, in the case heretofore cited, declared that the tax was not imposed upon the gasoline as property, nor upon the sale, nor upon the purchase, but was laid upon the privilege of the use of the vehicles mentioned in the act upon the public highways. However, it also stated that:

"The purpose of the statute is twofold, namely, to impose a tax upon the purchaser of gasoline for the use of the car and to regulate the business of the dealer by requiring him to collect the tax and pay it over to the county treasurer. It is certainly within the power of the Legislature, for it does not involve the payment of any fee nor the performance of any unreasonable task."

[1, 2] It becomes necessary to ascertain the actual effect of the statute, whatever name or description has been applied to it by the state Supreme Court (Standard Oil Co. v. Graves, 249 U. S. 389, 394, 39 Sup. Ct. 320, 63 L. Ed. 662), in order to determine whether it violates the Constitution of the United States. It is doubtless true that the amount of the tax usually does fall finally upon the purchaser, because the seller will naturally fix a price or an amount to be colected for the commodities sold which will include the amount of tax. Clark v. Titusville, 184 U. S. 329, 333, 22 Sup. Ct. 382, 46 L. Ed. 569. It may also be conceded that what is ultimately gained by the purchaser for the amount of tax so included is the use of the highways for automotive vehicles propelled by gasoline. In addition, there are some of the essential elements of a tax upon the sale, or the privilege of the sale of the gasoline. The seller is required to register and to file a report of his sales, and show therein "the amount of tax due by said seller." The seller must pay the tax, unless he collects the amount from the purchaser. While the first section requires the seller to collect one cent a gallon from the purchaser in addition to the usual charge therefor, no usual charge is fixed by statute, and the effect of the Act is to allow the seller to fix any price he wishes, and to require him to pay one cent a gallon for the gasoline so sold. The penalties provided in the act are all leveled against the seller. The purchaser is not required to do anything by the Act. although the result may incidentally cause an enhanced price for the gasoline.

[3] The conclusion that the tax is not levied against the purchaser disposes of the basis of the only contention made by appellant of a violation of the Fourteenth Amendment; but it may be added that the conclusion that the tax is an excise tax on the privilege of making

sales of the named products, although measured by the gallons sold for a designated use, brings the act within the proper exercise of the state's power of taxation, when the commerce clause is not involved (see Standard Oil Co. v. Graves, 249 U. S. 389, 39 Sup. Ct. 320, 63 L. Ed. 662; Askren v. Continental Oil Co., 252 U. S. 444, 449, 40 Sup. Ct. 355, 64 L. Ed. 654; Bowman v. Continental Oil Co., 256 U. S. 642, 41 Sup. Ct. 606, 65 L. Ed. 1139; Texas Co. v. Brown, 258 U. S. ——, 42 Sup. Ct. 375, 66 L. Ed. ——, April 17, 1922), and such taxation is not in violation of the Fourteenth Amendment. Woodruff v. Parham, 8 Wall. 123, 140, 19 L. Ed. 382; Wagner v. City of Covington, 251 U. S. 95, 102, 103, 40 Sup. Ct. 93, 64 L. Ed. 157; Bowman v. Continental Oil Co., supra; Altitude Oil Co. v. People, 70 Colo. 452, 202 Pac. 180.

The judgment will be affirmed.