**CORBETT et al. v. PRINTERS & PUBLISHERS CORPORATION, Ltd.**

No. 9226.

Circuit Court of Appeals, Ninth Circuit.
April 13, 1942.

Earl Warren, Atty. Gen., of California, and H. H. Linney, James J. Arditto, Adrian A. Kragen, and Paul D. McCormick, Deputy Attys. Gen., for appellants.

Stick & Moerdyke, John C. Stick, and N. P. Moerdyke, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

This was a suit to enjoin appellants[1] from collecting of appellee[2] a tax imposed by § 3 of the California Retail Sales Tax Act (Deering's General Laws, Act 8493).[3] Appellants moved to dismiss the suit on the ground that the District Court had no jurisdiction thereof. The motion was denied.[4] Appellants answered and, in their answer, again challenged the District Court's jurisdiction. It was stipulated that all facts alleged in the complaint were true, and that the case be submitted upon the stipulation and the answer, without the production of any evidence. Thus, in effect, each party moved for judgment on the pleadings.[5] Judgment was entered granting appellee a permanent injunction. From that judgment this appeal is prosecuted.

Section 24(1) of the Judicial Code,[6] 28 U.S.C.A. § 41(1), provides that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any

[1] The California State Board of Equalization, the members of the Board and the Attorney General of the State of California.

[2] A Nevada corporation doing business in California.

[3] Section 3 provides: "For the privilege of selling tangible personal property at retail a tax is hereby imposed upon retailers at the rate of two and one-half per cent of the gross receipts of any such retailer from the sale of all tangible personal property sold at retail in this State on and after August 1, 1933, and to and including June 30, 1935; and at the rate of three per cent of the gross receipts of any such retailer from the sale of all tangible personal property sold at retail in this State on and after July 1, 1935."

[4] Printers & Publishers Corp. v. Corbett, D.C.S.D.Cal., 25 F.Supp. 369.

[5] Federal Rules of Civil Procedure, rule 12(c), 28 U.S.C.A. following section 723c.

[6] As amended by § 1 of the Act of August 21, 1937, c. 726, 50 Stat. 738.

State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." This was a suit to enjoin the collection of a tax imposed by the laws of California. The question, therefore, is whether appellee had a plain, speedy and efficient remedy at law or in equity in the courts of California.

At all times here pertinent,[7] § 31 of the California Retail Sales Tax Act provided as follows:

"No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding in any court against this State or against any officer thereof to prevent or enjoin under this act the collection of any tax sought to be collected; but after payment of any such tax under protest, duly verified and setting forth the grounds of objection to the legality of such tax, the retailer paying such tax may bring an action against the State Treasurer in a court of competent jurisdiction in the county of Sacramento for the recovery of tax so paid under protest. No such action may be instituted more than sixty days after the tax becomes due and payable, and failure to bring suit within said sixty days shall constitute waiver of any and all demands against this State on account of alleged overpayment of taxes hereunder. No grounds of illegality of the tax shall be considered by the court other than those set forth in the protest filed at the time of the payment of the tax.

"If in any such action judgment is rendered for the plaintiff, the amount of the judgment shall first be credited on any taxes due from the plaintiff under this act, and the balance of the judgment shall be refunded to the plaintiff. In any such judgment, interest shall be allowed at the rate of six per cent per annum upon the amount of tax found to have been illegally collected from the date of payment of such tax to the date of allowance of credit on account of such judgment or to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the Controller."

This section, we think, afforded appellee a plain, speedy and efficient remedy in the courts of California. Compare Nevada-California Electric Corp. v. Corbett, D.C.N.D.Cal., 22 F.Supp. 951, 954, 955.

It is true that, at all times here pertinent, the tax imposed by § 3 was due and payable quarterly,[8] that an action under § 31 had to be brought within 60 days after the tax became due and payable, and that, therefore, the tax for two or more quarters could not have been recovered in a single action. The fact that, to effect such recovery, two or more actions would have been necessary does not, however, warrant a holding that the remedy provided in § 31 was not plain, speedy and efficient. Nevada-California Electric Corp. v. Corbett, supra; Baker v. Atchison, T. & S. F. Ry. Co., 10 Cir., 106 F.2d 525, 529, 530. Graves v. Texas Co., 298 U.S. 393, 56 S.Ct. 818, 80 L.Ed. 1236, cited by appellee was decided prior to the enactment of the above quoted provision of § 24(1) of the Judicial Code and, therefore, is not in point here.

Section 31 provided for the recovery of interest at the rate of 6% per annum upon the amount of tax found to have been illegally collected from the date of payment "to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the Controller." Thus, for a period of not more than 30 days preceding the date of the refund warrant, no interest was recoverable. This fact, however, does not warrant a holding that the remedy provided in § 31 was not plain, speedy and efficient. Nevada-California Electric Corp. v. Corbett, supra. In this case, as in the Nevada-California case, it may be presumed "that the state has allowed 6 per cent. interest, when it could have provided a less generous rate, for the purpose of compensating taxpayer for this thirty-day noninterest period." [22 F.Supp. 954.]

It is true, but not material, that § 31 did not provide for the recovery of any bookkeeping expense which the taxpayer might have incurred. The remedy provided in § 31 could be availed of without incurring any bookkeeping expense. All that was necessary before bringing an action was to pay the tax "under protest, duly verified and setting forth the grounds of objection to the legality of such tax." The expense of verifying and filing such a protest would have been negligible. The fact that such expense was not recoverable does not warrant a holding that the rem-

---

[7] The judgment below was entered on January 11, 1939. We, therefore, are not concerned with subsequent amendments to § 31.

[8] Section 9 of the Act so provided.

edy was not plain, speedy and efficient. Compare Petroleum Exploration, Inc., v. Public Service Commission, 304 U.S. 209, 217-222, 58 S.Ct. 834, 82 L.Ed. 1294.

In the court below, appellee contended that there was "no definite procedure" for the payment of judgments obtained under § 31. That contention has been abandoned and, even if not abandoned, would have to be rejected. Nevada-California Electric Corp. v. Corbett, supra.

Appellee's complaint stated that the remedy provided in § 31 was inadequate. Appellants stipulated with appellee that all the facts alleged in the complaint were true, but they did not thereby concede the correctness of the statement that the remedy provided in § 31 was inadequate; for that was not an allegation of fact, but was a mere statement of a legal conclusion—a conclusion which the pleaded facts did not warrant.

Judgment reversed and case remanded, to be dismissed for want of jurisdiction.