### WEST PUB. CO. v. McCOLGAN, Franchise Tax Com'r of California.

### No. 22069–S.

District Court, N. D. California, S. D.

April 24, 1942.

164

John W. Preston, of Los Angeles, Cal., for plaintiff.

Earl Warren, Atty. Gen., H. H. Linney, Asst. Atty. Gen., and James E. Sabine, Deputy Atty. Gen., for defendant.

ST. SURE, District Judge.

Plaintiff, a Minnesota corporation, sues defendant to enjoin enforcement of the California Corporation Income Tax Act of 1937, as amended, Stat.Cal.1937, c. 765, p. 2184, Stat.1939, c. 1049, p. 2902.

Plaintiff was notified by defendant that it was subject to and must file a return under the California Corporation Income Tax Act. Plaintiff replied denying liability under the Act. On March 1, 1941, defendant wrote plaintiff demanding that it file a return, or suffer the penalties prescribed by the Act which make failure to comply a misdemeanor punishable by a fine of not exceeding $5,000. On May 29, 1941, defendant mailed to plaintiff at its offices in St. Paul, Minnesota, three notices of levies of tax against plaintiff for the taxable year 1937, tax and penalties, $2,400, and the same amount for the taxable years of 1938 and 1939, a total of $7,200.

Plaintiff alleges in its complaint that it has not filed any application to transact or carry on its business in California, nor has it been granted a permit, or license, or any other authority, by the State, to carry on its business; that it has no property within the State; that it sends sales-men into the State to solicit orders for the sale of its books and other publications, which orders are sent to plaintiff at its principal office in St. Paul, Minnesota, for acceptance or rejection; that such orders are filled and the merchandise delivered to a common carrier, freight prepaid; that all such sales or transactions are, in fact, consummated, and deliveries of the goods or merchandise so ordered are made to the purchasers thereof, in Minnesota.

Plaintiff further alleges that the provisions of the California Corporation Income Tax Act deprive it of its property without due process of law, contrary to the 14th Amendment of the Constitution of the United States, and also that the provisions of the Act impose a direct burden upon, and a regulation of, commerce among the several states, contrary to the provisions of Article I, Section 7 and Article I, Section 8, Clause 3 of the Federal Constitution.

Plaintiff prays that by its judgment this Court declare void the levies heretofore made by defendant, seeking to invoke the Federal Declaratory Judgment Act, 28 U. S.C.A. § 400.

Defendant moves to dismiss upon the grounds that the Court lacks jurisdiction over the subject matter under the provisions of the 1937 amendment to section 41(1) of 28 U.S.C.A., and the Eleventh Amendment to the Constitution of the United States.[1]

Section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), provides that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State".

In interpreting the Eleventh Amendment the Courts have established the rule that an action cannot be brought against a state, either directly, or, when a state is a real party in interest, indirectly, through suit against state officers in their official capacity (American Barke Shoe & Foundry Co. v. Interborough Rapid Transit Co., D.C., 10 F.Supp. 512, affirmed, 2 Cir., 76 F.2d 1002, certiorari denied City

---

[1] "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State."

of New York v. Murray, 295 U.S. 760, 55 S.Ct. 923, 79 L.Ed. 1702), unless there is a constitutional infringement of rights. Nevin v. Martin, D.C., 22 F.Supp. 836, affirmed 307 U.S. 615, 59 S.Ct. 1046, 83 L.Ed. 1497.

Section 23 of the California Corporation Income Tax Act, as amended by Stat. Cal.1939, Ch. 1049, § 17, reads as follows:

"No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding in any court against this State or against any officer thereof to prevent or enjoin the assessment or collection of any tax under this act, but any taxpayer claiming that the tax computed and levied against it pursuant to section 19 of this act is void in whole or in part may bring an action against the commissioner for the recovery of the whole or any part of the amount paid. Such action must be filed within four years from the last date prescribed for filing the return or within one year from the date the tax was paid, whichever period expires the later; provided, that no action shall be filed for the recovery of a deficiency assessment unless the taxpayer has made protest to the commissioner of the computation and levy complained of under the provisions of section 19 hereof.

"Within ninety days after the mailing of the notice of the commissioner's action upon any refund claim, or in case of an appeal to the State Board of Equalization from the disallowance of any refund claim, within ninety days after the mailing of the notice of the board's determination of the appeal, the taxpayer may bring an action against the commissioner on the grounds set forth in such claim for the recovery of the whole or any part of the amount claimed as an overpayment.

"If the commissioner fails to mail notice of action on any refund claim within six months after the claim was filed, the taxpayer may, prior to mailing of notice of action on the refund claim, consider the claim disallowed and bring an action against the commissioner on the grounds set forth in such claim for the recovery of the whole or any part of the amount claimed as an overpayment.

"Whenever under the provisions of this section an action is commenced against the commissioner, a copy of the complaint and the summons must be served upon the commissioner, or the assistant commissioner. At the time the commissioner demurs or answers, he may demand that the action be tried in the superior court of the county of Sacramento, which demand must be granted. The Attorney General or the counsel for the commissioner must defend the action. The provisions of the Code of Civil Procedure, relating to pleadings, proofs, trials, and appeals are applicable to the proceedings herein provided for. A failure to begin such action within the time herein specified shall be a bar against the recovery of such taxes. In any such action the court shall have power to render judgment for plaintiff for any part or portion of the tax, interest, penalties or cost found to be void and so paid by plaintiff upon such assessment.

"In any judgment of any court rendered for any overpayment in respect of any tax imposed by this act, interest shall be allowed at the rate of 6 per cent per annum upon the amount of the overpayment, from the date of the payment or collection thereof to the date of allowance of credit on account of such judgment or to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the commissioner.

"In all actions now pending against the State Treasurer under the provisions of this act, the commissioner shall be substituted for the State Treasurer by the court wherein the action is pending. This substitution shall not in any way affect the rights of the plaintiff in said action.

"If judgment is rendered against the commissioner, the amount thereof shall first be credited against any taxes and interest due from the taxpayer under this act and the remainder refunded to the taxpayer or its successor by the State Treasurer on warrant drawn by the Controller."

In Corbett v. Printers & Publishers Corporation, Limited, 9 Cir., 127 F.2d 195, decided April 13, 1942, suit was brought to enjoin appellants from collecting a tax imposed by the California Retail Sales Tax Act. Appellants moved to dismiss on the ground that the District Court had no jurisdiction. The motion was denied. Appellants answered and again challenged the jurisdiction of the court. The facts were stipulated to and each party moved for judgment on the pleadings. Judgment was entered for appellees for a permanent in-

166

junction. Appeal was taken. Judgment was reversed and case remanded, to be dismissed for want of jurisdiction.

The Court after quoting § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), said: "This was a suit to enjoin the collection of a tax imposed by the laws of California. The question, therefore, is whether appellee had a plain, speedy and efficient remedy at law or in equity in the courts of California."

The Court then quoted § 31 of the California Retail Sales Tax Act, Gen.Laws 1937, Act 8493,[2] cited with approval Nevada-California Electric Corp. v. Corbett, D. C., 22 F.Supp. 951, 954, 955, and held that § 31 afforded appellee a plain, speedy and efficient remedy in the Courts of California, where constitutional questions may be determined, and, upon appeal, reviewed by the United States Supreme Court.

A comparison of Section 23 of the California Corporation Income Tax Act, as amended, with Section 31 of the California Retail Sales Tax Act, shows that the provisions relating to jurisdiction and securing to the taxpayer the right to sue for the recovery of taxes improperly levied and collected are substantially the same. It thus appears that plaintiff is afforded a plain, speedy and efficient remedy under Section 23 of the California Corporation Income Tax Act, and its constitutional rights have not been infringed. Under the circumstances here shown declaratory relief is not available to plaintiff. I am of the opinion that this court is without jurisdiction of the subject matter and the motion to dismiss will be granted.

2 "No injunction or writ of mandate or other legal or equitable process shall issue in any suit, action or proceeding in any court against this State or against any officer thereof to prevent or enjoin under this act the collection of any tax sought to be collected; but after payment of any such tax under protest, duly verified and setting forth the grounds of objection to the legality of such tax, the retailer paying such tax may bring an action against the State Treasurer in a court of competent jurisdiction in the county of Sacramento for the recovery of tax so paid under protest. No such action may be instituted more than sixty days after the tax becomes due and payable, and failure to bring suit within said sixty days shall constitute waiver of any and all demands against this State on account of alleged overpayment of taxes hereunder. No grounds of illegality of the tax shall be considered by the court other than those set forth in the protest filed at the time of the payment of the tax.

"If, in any such action judgment is rendered for the plaintiff, the amount of the . judgment shall first be credited on any taxes due from the plaintiff under this act, and the balance of the judgment shall be refunded to the plaintiff. In any such judgment, interest shall be allowed at the rate of six per cent. per annum upon the amount of tax found to have been illegally collected from the date of payment of such tax to the date of allowance of credit on account of such judgment or to a date preceding the date of the refund warrant by not more than thirty days, such date to be determined by the Controller."