**WHITMORE v. BUREAU OF REVENUE OF STATE OF NEW MEXICO et al.**

**KGFL, Inc., v. SAME.**

**SOUTHWEST BROADCASTERS, Inc., v. SAME.**

**HOUCK et al. v. SAME.**
Civil Actions Nos. 952–954, 960.

District Court, D. New Mexico.
March 18, 1946.

Frazier & Quantius, of Roswell, N. M., and Dorothy Ann Kinney, of Amarillo, Tex., for plaintiffs.

C. C. McCulloh, Atty. Gen., of New Mexico, and Harry L. Bigbee, and Thos. C. McCarty, Asst. Atty. Gen., for defendant.

John Morgan Davis, of Philadelphia, Pa., Milton J. Kibler, of Alexandria, Va., and Mechem & Hannett, of Albuquerque, N. M., amici curiae.

Before BRATTON and MURRAH, Circuit Judges, and NEBLETT, District Judge.

BRATTON, Circuit Judge.

Article 1, section 8, of the Constitution of the United States, empowers Congress to regulate interstate and foreign commerce. Section 301 of the Communications Act of 1934, 48 Stat. 1064, as amended, 50 Stat. 189, 47 U.S.C.A. § 151 et seq., declares that it is the purpose of the Act, among other things, to maintain the control of the United States over all channels of interstate and foreign radio transmission. And by subsequent provisions, a comprehensive system for such maintenance of control is created.

Chapter 73, Laws of New Mexico 1935, is an Act to provide for the raising of revenue for emergency school purposes by imposing an excise tax upon the engaging or continuing to engage in certain businesses, professions, trades and callings for profit in the state. Section 201 of the Act, as amended, § 76-1404 N.M.Sts.1941, among other things, levies a privilege tax in an amount equal to two per cent of the gross receipts upon the business of radio broadcasting, and provides that the tax shall be collected by the Bureau of Revenue. Section 301, § 76-1416 N.M.Sts. 1941, provides that no person shall engage or continue to engage in any business within the state, subject to taxation under the Act, unless he shall file with the commission an application for a license, accompanied by a license fee of $1 for each place of business of the applicant. Section 302, as amended, § 76-1417, N.M.Sts.1941, provides that upon receipt of the application and the payment of the fee, the commission shall issue the license. Section 304, as amended, § 76-1419, N.M.Sts.1941, provides that the taxes levied thereunder shall be payable in monthly installments, and provides for the making of returns and remittance of the amount of the tax due. Section 307, § 76-1422, N.M.Sts.1941, provides that if the amount paid is less than that due, the deficiency, together with interest thereon at the rate of one per cent per month or fraction thereof, shall be paid upon notice and demand by the commission; that if the commission shall find that any part of the deficiency is due to the negligence of the taxpayer without intent on his part to evade the tax, there shall be added ten per cent of the total amount of the deficiency, together with interest; and that if any part of the deficiency is found to be due to an intent to evade the tax, fifty per cent of the amount of the total amount of the deficiency, together with interest, shall be added. Section 310, as amended, § 76-1425, N.M.Sts.1941, provides, inter alia, that if a taxpayer fails to file his return, accompanied by a remittance of the tax due, on the date the same is required to be filed, he may be subject to a penalty of ten per cent of the tax, plus one per cent for each month of the delay. Section 312, § 76-1427, N.M.Sts.1941, provides that if any taxpayer feels aggrieved at any action taken by the commission he may apply for a hearing and a correction of such action; that the commission shall hear the petition promptly, and may grant or deny it; and that if granted, the commission may make such order as may appear to it just and lawful. Section 313, as amended, § 76-1428, N.M.Sts.1941, forbids the issuance of any injunction, writ of mandamus, or other legal or equitable process in any suit, action, or proceeding in any court of the state to prevent or enjoin the collection of any tax, penalty, or interest under the Act. It provides that after payment under protest of any such tax, penalty, or interest which is in controversy, the taxpayer may bring in the district court of Santa Fe County an action against the Bureau of Revenue for its recovery. It provides that no such action shall be instituted more than four months after the payment under protest. It further provides that in the event judgment is rendered for plaintiff, interest shall be allowed at the rate of six per cent per annum upon the amount found to have been illegally collected, and that the judgment shall be paid out of the suspense fund thereinafter provided. And it also provides that appeals may be taken by either party in the same manner as appeals are taken in civil cases. And section 325, § 76-1440, N.M.Sts.1941, prescribes a penalty for any violation of the Act for which no punishment is expressly provided therein.

W. E. Whitmore owns and operates Radio Station KWEW at Hobbs, New Mexico, with 100 watts power; KGFL, Inc., a corporation organized under the laws of New Mexico, owns and operates Radio Station KGFL, at Roswell, New Mexico, with 100 watts power; Southwest Broadcasters, Inc., a corporation organized under the laws of New Mexico, owns and operates Radio Station KFUN, at Las Vegas, New Mexico, with 250 watts power; and Robert D. Houck, Hoyt Houck,

Walter G. Russell, and Lonnie J. Preston, co-partners engaged in business under the trade name of Tucumcari Broadcasting Company, own and operate Radio Station KTNM, at Tucumcari, New Mexico, with 250 watts power. The stations are each operated under a license issued by the Federal Communications Commission.

Uncertainty existed among those in interest as to whether owners of radio stations in the state were required to secure licenses, pay the privilege tax, and otherwise comply with the Act of 1935, supra. The state and owners of radio stations seemingly shared the uncertainty. Apparently arising out of that uncertainty, these owners of radio stations failed for several years to make return and pay the tax. But the Commissioner of the Bureau of Revenue lately demanded from Whitmore, as owner and operator of station KWEW, accumulated taxes, penalties, and interest, in the aggregate amount of $3044.-69; demanded from KGFL, Inc., as owner and operator of station KGFL, accumulated taxes, penalties, and interest, aggregating $5106.38; demanded from Southwest Broadcasters, Inc., as owner and operator of station KFUN, accumulated taxes, penalties, and interest, totaling $1703.71; and demanded of Houck and his co-partners, as owners and operators of station KTNM, accumulated taxes, penalties, and interest, in the total sum of $1317.36.

Whitmore, KGFL, Inc., Southwest Broadcasters, Inc., and Houck and his co-partners, brought these actions respectively against Bureau of Revenue of the State of New Mexico, and R. L. Ormsbee, Commissioner, seeking to restrain and enjoin the collection of the taxes, penalties, interest, and license fees, on the ground that their exaction contravenes the Constitution of the United States, and the Communications Act, supra. An interlocutory injunction being sought, this specially constituted court was convened in accordance with section 266 of the Judicial Code, as amended, 28 U.S.C.A. § 380. By agreement of the parties, the court consolidated the causes for purposes of the trial. In the course of the submission of the causes on application for an interlocutory and permanent injunction, plaintiff in each case dismissed the complaint as to the defendant Bureau of Revenue, and amended the complaint to name and designate the remaining defendant as R. L. Ormsbee, Commissioner of the Bureau of Revenue.

The jurisdiction of the court to entertain the actions is challenged on the ground that they are suits against the state without its consent. The Eleventh Amendment to the Constitution of the United States withholds from federal courts jurisdiction of actions against a state, brought without its consent. And the consent of a state to be sued in a federal court in respect of matters relating to its fiscal problems must be given either in express language or by clearly indicated purpose. Nothing less will suffice. Great Northern L. Insurance Co. v. Read, 322 U.S. 47, 64 S.Ct. 873, 88 L.Ed. 1121; Ford Motor Co. v. Department of Treasury, 323 U.S. 459, 65 S.Ct. 347. But these are actions against an officer or agent of the state to restrain alleged wrongful action under color of a statute charged to be unconstitutional and therefore void, as applied to the business of plaintiffs, resulting in injury to their rights and property. An action of that kind is not against the state, within the meaning of the constitutional provision. Osborn v. Bank of United States, 9 Wheat. 738, 843, 868, 6 L.Ed. 204; Davis v. Gray, 16 Wall. 203, 220, 21 L.Ed. 447; Allen v. Baltimore & Ohio R. Co., 114 U.S. 311, 330, 5 S.Ct. 925, 962, 29 L.Ed. 200, 207; Pennoyer v. McConnaughy, 140 U.S. 1, 10, 11 S.Ct. 699, 35 L.Ed. 363; In re Tyler, 149 U.S. 164, 190, 13 S.Ct. 785, 37 L.Ed. 689; Scott v. Donald, 165 U.S. 107, 112, 17 S.Ct. 262, 41 L.Ed. 648; Tindal v. Wesley, 167 U.S. 204, 220, 17 S.Ct. 770, 42 L.Ed. 137; Smyth v. Ames, 169 U.S. 466, 518, 18 S.Ct. 418, 42 L.Ed. 819; Ex parte Young, 209 U.S. 123, 151, 152, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A.,N.S., 932, 14 Ann.Cas. 764; Philadelphia Co. v. Stimson, 223 U.S. 605, 620, 621, 32 S.Ct. 340, 56 L.Ed. 570; Shields v. Utah Idaho Central Railroad Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111.

The jurisdiction of the court is challenged on the further ground that these are actions to enjoin the collection of a tax imposed by state law. The presently material part of section 24 of the Judicial Code, as amended, 28 U.S.C.A. § 41, provides that "no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." The power of Congress to limit or withhold from the federal courts jurisdic-

tion in a certain kind or class of cases is not open to doubt. Toucey v. New York Life Insurance Co., 314 U.S. 118, 129, 62 S.Ct. 139, 86 L.Ed. 100, 137 A.L.R. 967; Lockerty v. Phillips, 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339. Therefore, this ground of attack upon the jurisdiction of the court turns upon whether a plain, speedy, and efficient remedy is available to plaintiffs at law or in equity in the courts of the state.

■ The Act of 1935, supra, entrusts to the State Tax Commission the collection of the tax here in question, as well as penalties and interest. It authorizes an aggrieved taxpayer to submit to the commission a petition for the correction of any error or irregularity. It empowers and makes it the duty of the commission to hear the petition promptly and to correct the error or irregularity, if any. It provides for the payment under protest of a tax which is questioned or disputed, makes adequate provision for the maintenance of an action in the district court of Santa Fe County to recover the amount paid, together with interest at the rate of six per cent per annum, and provides for an appeal to the supreme court of the state. The remedy thus provided is plain, speedy, and efficient, within the meaning of section 24 of the Judicial Code, supra; and, in ordinary circumstances the availability of that remedy constitutes an effective bar under the statute to the power of this court to enjoin the collection of the tax, penalty, and interest. Adams County v. Northern Pacific Railway Co., 9 Cir., 115 F.2d 768; Corbett v. Printers & Publishers Corp., 9 Cir., 127 F.2d 195; West Publishing Co. v. McColgan, 9 Cir., 138 F.2d 320, 149 A.L.R. 1094.

■■ Plaintiffs assert, however, that in the peculiar circumstances presented here the ordinary method of payment under protest is not plain, speedy, or efficient. In support of the contention is the argument that the administrative interpretation of the Act over a long period of time resulted in the accumulation of large sums of tax, penalties, and interest; that payment of such accumulated amounts in a lump sum would be burdensome if not impossible and would jeopardize the service which plaintiffs are rendering to the public, as authorized by the Federal Communications Commission. Assuming, without deciding, that the facts and circumstances, considered in their totality,

do render the ordinary method of payment under protest and suit at law for recovery of the sum paid less than a plain, speedy and efficient remedy, plaintiffs can be heard in the state court for equitable relief. The case of Lougee v. New Mexico Bureau of Revenue Commissioner, 42 N.M. 115, 76 P. 2d 6, 16, was an action to enjoin the collection of taxes, penalties, and interest under the Act. The court considered with minute care the several pertinent provisions of the statute, including section 313 which forbids the issuance of an injunction or other legal or equitable process to prevent or enjoin the collection of any tax, penalty, or interest. The court also considered section 13, article 6 of the Constitution of the state which vests in district courts power to issue writs of injunction and other remedial writs in the exercise of their discretion. And the court expressly upheld the equity jurisdiction of the court to entertain the action. After sustaining the jurisdiction of the court to entertain the action, the court held against appellant on the merits. But the opinion of the court makes it clear that the state courts may entertain an action for equitable relief against collection of taxes, penalties, and interest, imposed by the Act, if extraordinary circumstances in respect of the operation of the statute bring the case within some acknowledged foundation of equity jurisprudence. The court said:

"Courts are loath to interfere with the collection of taxes by injunction; and the use of the means provided by law for the securing and collection of taxes will not be enjoined merely because the tax is, or was alleged to be, void; but, in addition thereto, there must be exceptional and extraordinary circumstances with respect to the operation of the act, which will bring the case within some acknowledged head of equity jurisprudence. * * * The question then is whether, aside from the alleged invalidity of the tax, its hardship, injustice, etc., there are any special and extraordinary circumstances shown to exist which under the rules we have stated authorize the interposition of a court of equity. * * * Here appellant must maintain innumerable suits against the identical parties to accomplish one purpose; that is, to determine the constitutionality of the act, or certain parts of it. We hold that there are special and extraordinary circumstances in this case which

authorized appellant to resort to a court of equity for relief."

The sweep of the language used in the opinion in that case leaves little room for doubt that if there are special circumstances present here which render the ordinary method of payment under protest and a suit for the return inadequate or inefficient, plaintiffs may be heard in the state courts for equitable relief. And since that remedy is available to them, they cannot be heard here to enjoin the collection of the tax. *Adams County v. Northern Pacific Railway Co.*, supra; *Corbett v. Printers & Publishers Corp.*, supra; *West Publishing Co. v. McColgan*, supra.

▮▮▮▮ Plaintiffs advance the further contention that they are engaged in interstate commerce; that the exaction of the tax constitutes a burden upon such commerce; and that therefore the court has jurisdiction to protect them against that encroachment. Plaintiffs are engaged in radio broadcasting; and, while their stations are located in New Mexico, the electro-magnetic waves transmitted from their respective stations cross state lines and their programs are heard by listeners both in New Mexico and in other states. Therefore, the business in which they are engaged is essentially in part intrastate commerce and in part interstate commerce. *Fisher's Blend Station v. Tax Commission of State of Washington*, 297 U.S. 650, 56 S.Ct. 608, 80 L.Ed. 956. The power of Congress to regulate interstate commerce is supreme, plenary, and without limitation or restriction, except that prescribed in the Constitution. And within the range of that paramount authority lies the power to protect such commerce against substantial burdens or obstructions, no matter the source from which the encroachment springs. The principle that a state may not impose an undue burden upon interstate commerce by the imposition of a tax or otherwise is so well settled and has been so often declared that a repetition of the reasons underlying the multitude of decisions to that effect would be superfluous. But section 24 of the Judicial Code, supra, expressly withholding from federal courts jurisdiction to enjoin the assessment, levy, or collection of a tax imposed by state law where there is a plain and efficient remedy at law or in equity in the courts of the state, does not contain any provision excluding from its reach cases involving taxes said to constitute a burden upon interstate commerce.

It is completely silent in respect of cases involving taxes of that kind as distinguished from other taxes. Statutes couched in absolute language are sometimes held to be subject to limitations. But there is nothing in the text or legislative history of this statute which would warrant this court in reading into it an exception or exclusion which Congress in the exercise of its discretion did not write into it. And if the imposition of the tax, penalty, and interest in controversy does constitute an objectionable burden upon interstate commerce—a question upon which we do not express an opinion—there is no basis for the conclusion that the courts of New Mexico will fail in the discharge of their duty to protect unimpaired every right of plaintiffs in respect of that encroachment, as state courts bear equal responsibility with the federal courts to guard rights secured by the Constitution of the United States. *Robb v. Connolly*, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542; *United States v. Bank of New York & Trust Co.*, 296 U.S. 463, 479, 56 S.Ct. 343, 80 L.Ed. 331; *Baker v. Atchison, Topeka & Santa Fe Railway Co.*, 10 Cir., 106 F.2d 525, certiorari denied 308 U.S. 620, 60 S.Ct. 296, 84 L.Ed. 518.

▮▮▮▮ Plaintiffs say that section 24 of the Judicial Code, supra, does not contain any restriction upon the jurisdiction of the court to grant equitable relief insofar as the requirements of the Act of 1935, supra, for obtaining a license and the imposition of a penalty for failing to do so are concerned. It is well settled that a state cannot exact by legislation a license tax or a license fee if the direct and necessary effect of the legislation is to impose a burden upon interstate commerce. *Askren v. Continental Oil Co.*, 252 U.S. 444, 40 S.Ct. 355, 64 L.Ed. 654; *Bowman v. Continental Oil Co.*, 256 U.S. 642, 41 S.Ct. 606, 65 L.Ed. 1139. Section 301, supra, makes it obligatory to file with the State Tax Commission an application for a license before engaging or continuing to engage in business, and it requires that the application be accompanied by a license tax or license fee of $1. That nominal sum is not an annual tax or fee. It covers the entire period of time in which the licensee is engaged in the business, no matter how long. The application is to be made on a form prescribed by the commission, and it shall set forth the name in which the business is to be transacted, the location of the place of business, the nature of the business, and

such other information as the commission may require. And the commission is not vested with discretion in granting or denying the application. By section 302, it is the duty of the commission to issue the license if the application is in proper form and the tax or fee is paid. Section 301 does not single out persons engaged in interstate commerce for different or discriminatory treatment. It fails to indicate directly or indirectly any hostility toward those engaged in that field of business or industry. It applies alike to all, whether engaged in intrastate commerce, interstate commerce, or both. And its purpose is to obtain information concerning those engaged in business in the state. It is essentially a requirement for registration in order to obtain desired information in respect of business being conducted in the state. While plaintiffs are engaged in part in interstate commerce, their broadcasting stations and facilities in connection therewith are located within the state, they buy materials and services from people within the state, and they have multiplied business relations with people within the state outside of the immediate business of broadcasting by radio. There is no warrant for the conclusion that the statute in direct and necessary effect lays a substantial burden upon interstate commerce, within the purview of the commerce clause of the Constitution. Cf. Union Brokerage Co. v. Jensen, 322 U.S. 202, 64 S.Ct. 967, 88 L.Ed. 1227, 152 A.L.R. 1072.

The actions are severally dismissed without prejudice to the institution of actions in the courts of the state.